# PRESLEY J. CURRY *et al.*

### *v.*

## THE PEOPLE OF THE STATE OF ILLINOIS, for use, etc.

54  263
34a 487

1.  PLEADING—*description of instrument sued upon.* In pleading written instruments, they may be described according to their legal effect.

2.  SAME—*in suit against a part of several obligors in an administrator's bond.* Under the sixty-ninth section of the statute of wills, suits on administrators' bonds may be against all or any one or more of the obligors named therein; so in an action on such bond signed by four parties, and but two are sued, it is only necessary to describe it in the declaration as having been executed by the defendants, that being the legal effect given to the bond.

3.  VARIANCE *between allegations and proofs—waiver.* In an action for the use of a creditor, upon an administrator's bond, the claim was described in the declaration as having been allowed in the probate court in favor of such creditor, when the record given in evidence showed the allowance was in favor of another person for the use of the creditor: *Held,* that while there might be a technical variance, it was waived by a failure to object to the testimony on the trial.

4.  DEVASTAVIT *by an administrator—evidence thereof.* Where an administrator, on the sale of property belonging to the estate, received the notes of the purchasers with security, and it resulted that the principals and sureties were insolvent, this will show, *prima facie,* that the administrator had neglected his duty, and was guilty of a *devastavit.*

5.  SAME—*who may have a remedy therefor.* In an action upon an administrator's bond, at the instance of a creditor, a *prima facie* right of recovery exists, if it appear that the person for whose use the suit is brought holds a claim against the estate, and that the administrator has been guilty of a *devastavit* to the extent of such claim. It is not essential to such right of recovery that the creditor shall prove there were no assets to which he could resort for the satisfaction of his claim.

6.  Nor are the court prepared to hold that, even if there are assets sufficient to satisfy the creditor, the right of recovery on the bond would thereby be defeated.

APPEAL from the Circuit Court of Clay county; the Hon. RICHARD S. CANBY, Judge, presiding.

The opinion contains a sufficient statement of the case.

Mr. R. P. Hanna, for the appellants.

Mr. Rufus Cope and Mr. S. A. Boyles, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

This was an action of debt on an administrator's bond, brought in the name of the people, for the use of Samuel Boyles, and against appellants. The bond was signed by appellants, Samuel Moore and I. L. Speeke. In the description of the bond in the declaration, no mention is made of the last two obligors above named. While it is admitted that, under our statute, it is not required that all the obligors should be joined in a suit on an administrator's bond, it is urged that there was a variance between the bond described and the bond read in evidence.

The rules of pleading require parties in pleading written instruments to describe them according to their legal effect. Was this bond thus pleaded? If so, then there was and could be no variance. The sixty-ninth section of the statute of wills, R. S. 551, provides that in suits on such bonds it may be against all or any one or more of the obligors named therein. Then, under this statute, it became the bond of all, or any one or more than one. It then became the bond of the two who were sued, and this was its legal effect, and it is so described in the declaration, and hence there was no variance. It has been held that, where one of several co-obligors dies, and suit be brought against the survivors, the fact that the deceased obligor also executed the instrument need not be noticed in declaring. *Cummings* v. *The People,* 50 Ill. 132. If not necessary as a matter of description to notice the name of the deceased party in such a case, no reason is perceived why the names of co-obligors who are not sued should be noticed in the declaration on an administrator's bond.

It is urged that there was a variance between the claim in the probate court, and that described in the declaration. It is

described as a claim allowed against the estate of McSchooler, and in favor of Boyles, while the record read in evidence was an allowance in favor of one Peck, for the use of Boyles. This may have been a technical variance, but even if it was, appellant failed to except to its admission, and can not now urge the objection for the first time.   Boyles held the beneficial interest in the claim, although the legal title was in Peck, and regarding the claim as justly payable to Boyles, appellants, no doubt, intended to and did waive all objection to its admissibility by failing to object to its introduction as evidence.

It is next urged that appellee failed to sustain his claim by evidence of injury or loss.   He introduced in evidence an unpaid allowance against the estate, payable to him.   This gave him the unquestioned right to insist that the estate should be legally settled; and if the administrator has committed a *devastavit*, he may sue for and recover for such loss as he has thereby sustained.

It is, however, urged that he failed to show that he has sustained such a loss.   He has shown that the administrator sold property belonging to the estate to an amount exceeding $2200, and that it was lost by taking insufficient security for its payment.   There seems to be no evidence that rebuts the presumption arising from the fact that both principals and sureties proved insolvent; that the administrator failed to discharge his duty in requiring sufficient security, and thereby became liable to the heirs and creditors.   This is rendered more certain from the fact that it is not proved that the sureties were solvent and of sufficient ability to render the debts secure when the notes were taken; and the loss having occurred by reason of the failure of the administrator to discharge his duty, we must hold that he has thereby been guilty of a *devastavit*, and is liable to the heirs or creditors of the estate for the amount thus lost.

Having proved that he holds a claim against the estate, and shown a *devastavit* for a much larger sum than the amount of his debt, appellee has shown a *prima facie* right to recover; and appellants having failed to overcome that *prima facie* right,

the judgment was properly rendered on the bond against them. If there were assets sufficient to pay appellee's debt, we are not prepared to hold that it would have defeated his right of recovery; but, if it would, appellants have failed to show that there were such assets. All appellee was bound in the first instance to prove, was, that he held this unpaid claim against the estate, and show a *devastavit.* He was not required to prove that there were not other assets from which his claim would be ultimately paid. We perceive no error in this record, and the judgment of the court below must be affirmed.

*Judgment affirmed.*