## Robert Doyle

### *v.*

## Frank Douglas Machinery Company.

1. Practice—*when to object to variance.* Where a note is introduced in evidence, without objection, in the court below, it is too late to raise the objection, for the first time, in the Supreme Court, that there is a variance between the note and declaration.

2. Evidence—*parol evidence, if not objected to, sufficient to prove existence of corporation.* Parol evidence that a party was a corporation, duly organized, and that it had elected officers, and was doing business as a corporation, if introduced without objection, is sufficient to establish the existence of the corporation.

Writ of Error to the Superior Court of Cook county; the Hon. John Burns, Judge, presiding.

Mr. Robert Doyle, *pro se.*

Messrs. Carter, Becker & Dale, for the defendant in error.

Mr. Justice Craig delivered the opinion of the Court:

This cause was tried by the court, by consent of parties, without the intervention of a jury, and judgment rendered against the defendant for the sum of $3027.62.

The first position assumed by the plaintiff in error is, the

judgment is not supported by the evidence. We have carefully examined the testimony contained in the record, and the evidence, as it was introduced before the court, without objection, is ample to sustain the judgment rendered.

It is claimed there is a variance between one of the notes offered in evidence and the declaration. This is true; yet the note was introduced in evidence without objection, and it is too late to raise the objection, for the first time, in this court. *Curry* v. *The People*, 54 Ill. 263.

It is, however, urged that the evidence of the existence of the corporation was not sufficient. It was shown by parol evidence, without objection. that the plaintiff was a corporation, duly organized May 14, 1872; that it had elected a president, secretary and treasurer, and that it was acting and doing business as a corporation. This evidence, in the absence of objection, may be regarded as sufficient.

This disposes of the questions raised by the plaintiff in error, and, as we perceive no substantial error in the record, the judgment will be affirmed.

*Judgment affirmed.*