FREDERICK T. PUTT

v.

S. G. DUNCAN.

1. WARRANTY—BREACH—SET-OFF OF DAMAGES.—In a suit upon a note, the defense set up that the note was given upon a sale of a horse; that the horse was warranted sound; and an allegation of a breach of the warranty. The court instructed the jury, on the part of the plaintiff, that although they may believe there was a warranty of the horse, yet unless the jury believe that there was a substantial breach of warranty, the jury will find for the plaintiff, etc. This instruction was erroneous. If there was a breach of the warranty at all, which was a question for the jury to determine, the appellant was entitled to have this issue found in his favor, and if any damages resulted from the breach, they should have been set off against the plaintiff's demand.

2. DAMAGES APPEARING AFTER SALE TO THIRD PARTIES.—An instruction that if the jury find that the defendant sold an undivided interest in the horse within a few days, that then the defendant cannot set off any damages accruing after such sale, was well calculated to mislead the jury. In a legal sense, all damages should be considered as accruing at the time the warranty was made and the sale consummated, though the evidence and development may appear afterward. The instruction conveyed to the jury the idea that the " damages accruing after the sale," meant damages *developed* after the sale, and for which no allowance should be made

3. PRACTICE—DEMURRER UNDISPOSED OF.—An objection that a demurrer was not disposed of, comes too late in this court. By going to trial without issue joined on demurrer, it will be held to have been waived.

4. PRACTICE—OBJECTION TO VARIANCE.—An objection that the note in evidence varied from the one set out in the declaration, cannot be made for the first time in this court.

APPEAL from the Circuit Court of Ford county; the Hon. OWEN T. REEVES, Judge, presiding.

Messrs. GRAY & SWAN, for appellant; that the defendant was entitled to damages, if a breach of warranty was proved, and the instruction upon this point was erroneous, cited The Alton, etc. R. R. Co. v. Northcott, 15 Ill. 49; Taylor v. Beck, 13 Ill. 376.

The court erred in proceeding to trial with a demurrer undisposed of: Moore v. Little, 11 Ill. 549; Richeson v. Ryan et al. 15 Ill. 13; Sammis v. Clark, 17 Ill. 544; Chapman v. Wright, 20 Ill. 120.

Upon the question of unsoundness: 1 Parsons on Contracts, 473.

The sixth instruction was calculated to mislead the jury, and therefore erroneous: Aurora Fire Ins. Co. v. Eddy, 55 Ill. 213; Reynolds v. Lambert et al. 69 Ill. 495; C. B. & Q. R. R. Co. v. Gregory, 58 Ill. 226.

The verdict is clearly against the evidence: Ill. Cent. R. R. Co. v. Chambers, 71 Ill. 519.

Messrs. TIPTON & POLLOCK, for appellees; that where the evidence is conflicting, the verdict ought not to be set aside, cited City of Chicago v. Torgerson, 60 Ill. 200; City of Galesburg v. Higley, 61 Ill. 287; Fitch v. Zimmer, 62 Ill. 126; Stenger v. Swartout, 62 Ill. 257; Peru Beer Co. v. First Nat. Bank, 62 Ill. 265; Cass v. Campbell, 63 Ill. 259; Chapman v. Stewart, 63 Ill. 332; C. A. & St. L. R. R. Co. v. Stover, 63 Ill. 358; Vogt v. Buschman, 63 Ill, 521; Tucker v. Watte, 64 Ill. 416; McNellis v. Pulsifer, 64 Ill. 494; Chicago City Ry. Co. v. Young, 62 Ill. 238.

The objection of variance comes too late in this court: Doyle v. Douglass Machinery Co. 73 Ill. 273; Thompson v. Hoagland et al. 65 Ill. 310.

The eighth instruction was correct as given; a substantial

compliance with the contract of sale was sufficient: Hovey v. Pitcher, 13 Mo. 191; Chambers v. Jaynes, 4 Pa. St. 39; Rees v. Smith, 1 Ohio, 124.

The objection of non-joinder in demurrer cannot be raised for the first time in this court: Hopkins v. Woodward, 75 Ill. 62; Belleville Nail Co. v. Chiles, 78 Ill. 14; Strohm v. Hayes, 70 Ill. 41; Davis v. Ransom, 26 Ill. 100; Parker v. Palmer, 22 Ill. 489.

LACEY, J.   This was a suit by appellee against appellant, brought on a promissory note, dated March 25, 1876, for $500.

The defense set up to the note was, that it was the balance of $1,500 agreed to be paid by appellant to appellee for the purchase of a stallion horse called "Wonder." That the horse was warranted to be sound except a small pimple on the leg, and that would not hurt him, and that the horse was entirely worthless; also plea of set-off for the $1,000 paid.

The evidence shows that Charles Putt purchased one-half interest in the horse two days after the purchase from appellee, Charles Putt agreeing to pay $500 for one-half interest. The evidence in this case tended strongly to show that the horse was warranted as claimed by appellant; that he was unsound at the time of the sale, being affected with laminitis, and bog-spavin, and was thick winded; that he was worth greatly less than he would have been if as good as warranted. That the unsoundness of the horse grew worse in consequence of disease contracted before sale to appellant, and that the greatest depreciation in his value became apparent after Charles Putt purchased the half interest. The issues in the cause were tried by a jury.

On the trial of the cause, the court, against the objection of appellant, gave for appellee to the jury the following instructions:

6. "The court instructs the jury for the plaintiff that, if they believe from the evidence that the defendant sold an undivided interest in the horse within a few days, that then the defendant cannot in any event set-off any damages accruing after said sale."

8. "The court further instructs the jury that, although they may believe that there was a warranty of the horse, yet, unless the jury further believe from the evidence that there was a substantial breach of warranty, the jury will find for plaintiff for the amount of the note and interest to this date."

The giving of the above instructions, among other matters, is assigned for error.

We are of the opinion that the giving of the eighth instruction was clearly error, when given in this case under the state of the evidence. If there was a breach of the warranty at all, which was a question for the jury to determine, the appellant was entitled to have this issue found in his favor, and if any damages resulted from the breach, however small, it should have been set-off against appellee's demand. W. J. Estop et al. v. W. H. Fenton et al. 66 Ill. 467; Taylor v. Beek, 13 Ill. 49.

The sixth instruction, which informed the jury that all damages accruing after the sale of the horse to Charles Putt could not be set-off, was well calculated to mislead the jury. In a legal sense, all damages should be considered to accrue at the time the warranty was made and the sale consummated, but the evidence and development of the injury may appear afterward.

Yet we think that the instruction was well calculated to convey the idea to the jury that the words "damages accruing after the said sale," meant damages developed after the sale, and that they should not allow any damages which became first apparent after the sale of the half interest to Charles Putt.

The instruction cannot by any reasonable construction mean, as is contended by counsel for appellee, that damages should not have been allowed for injuries arising from causes originating after the sale to Charles Putt.

The error assigned that the note varied from the one set out in the declaration is not well taken; such objection cannot prevail if made for the first time in this court. Doyle v. Frank Douglas Machine Co. 73 Ill. 273; Wm. Thompson v. George Hoagland, 65 Ill. 310.

Also the objection raised that the demurrer to the eighth replication was not disposed of, comes too late in this court. There should have been issue joined on the demurrer in the

court below. By going to trial without this, the appellant waived the benefit of his demurrer. Hopkins v. Woodward, 75 Ill. 62.

The court below should have granted a new trial, and for not having done so, this cause is reversed and remanded.

Reversed and remanded.