# The Wabash, St. Louis and Pacific Railway Company

*v.*

## Catharine Coble.

*Filed at Springfield January 31, 1885.*

1. PRACTICE—*time to object—for variance between allegations and proofs.* This court will not consider a question of variance in the allegations and proofs, when no motion has been made in the trial court to exclude the evidence on the ground of variance, or for an instruction to the jury in respect of the same.

2. APPEAL—*reviewing facts.* Where this court can not say the evidence heard on the trial of an action for negligence does not tend to sustain the judgment, the action of the Appellate Court in affirming the judgment of the trial court is conclusive on the disputed questions of fact.

3. ALLEGATIONS AND PROOFS—*on the question of negligence.* The object of written pleadings is to apprise the defendant of the ground of action relied on by the plaintiff, and thereby afford him an opportunity to meet the specific ground of complaint, and it is not admissible that one ground of negligence be alleged and a recovery be had upon another and distinct ground. It is error to instruct the jury that they may find the defendant liable for any acts of negligence different from those alleged in the declaration.

4. So in an action against a railway company to recover for damages for a personal injury, at a public crossing of a street, the court instructed the jury, for the plaintiff, that railroad companies, in operating their trains and engines, must be held, in crossing public highways and thoroughfares, so to regulate the speed of their trains, and to give such signals to persons crossing, that all may be apprised of the danger of crossing the railroad track, and that they should keep a lookout, so as to see, and as far as possible prevent injury to others exercising their legal rights, and that for an injury resulting from a failure of any such duties they are liable, provided the person injured has used all reasonable precaution to avoid injury. The failure to give signals of danger to persons crossing the track, or to keep a lookout to avoid injury as far as possible, were not charged in the declaration: *Held,* that it was error to give the instruction.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Macon county; the Hon. C. B. SMITH, Judge, presiding.

This was an action on the case, by appellee, against appellant, for negligence resulting in personal injuries.   Judgment was rendered in the circuit court, for the plaintiff, for $3000, and this, on appeal to the Appellate Court for the Third District, was affirmed.   From that judgment of affirmance this appeal is prosecuted.

Messrs. Crea & Ewing, for the appellant:

This court may review the testimony to see if there is a variance between the declaration and the evidence.   *Ives* v. *McHard*, 103 Ill. 97.

As to the variance between the allegations and proofs, and its effect, see 1 Chitty's Pleading, (14th Am. ed.) 317, 391; *City of Bloomington* v. *Goodrich*, 88 Ill. 558; *Moss* v. *Johnson*, 22 id. 633; *Railroad Co.* v. *McKee*, 43 id. 120; Hilliard on Torts, p. 150, secs. 9, 10; *Railroad Co.* v. *Dickson*, 88 Ill. 431.

The fourth instruction of plaintiff is too general, and places a right of recovery upon grounds not alleged, and is erroneous. *Steinmeyer* v. *People*, 95 Ill. 383; *Railroad Co.* v. *Morgan*, 72 id. 175.

An instruction which allows a recovery for "negligence" in general, is bad.   *Railroad Co.* v. *Mock*, 72 Ill. 141.

Mr. W. C. Johns, for the appellee:

No variance was claimed on the trial, and in the absence of any objection to the evidence, this court can not reverse for its admission.   *Winslow* v. *Newlan*, 45 Ill. 145; *Cross* v. *People*, 47 id. 152; *Brennan* v. *Strauss*, 75 id. 234; *Lane* v. *People*, 76 id. 300; *Welborn* v. *People*, id. 516; *Driggers* v. *Bell*, 94 id. 223; *Benevolent Society* v. *Fietsam*, 97 id. 474; 6 Bradw. 161; *Driver* v. *Ford*, 90 Ill. 595; *Roberts* v. *Corby*, 86 id. 182; *Thompson* v. *Turner*, 22 id. 387; *Doyle* v. *Machinery Co.* 73 id. 273.

The affirmance of the judgment is a finding of the facts the same way as the jury did, and is conclusive in this court. *Railway Co.* v. *Henks,* 91 Ill. 406; *Brownell* v. *Welch,* id. 524; *Hayward* v. *Merrill,* 94 id. 355; *Tenney* v. *Foote,* 95 id. 106.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

The question of variance between the allegations and proofs can not be entertained. No motion was made in the circuit court to exclude the evidence from the jury on the ground of variance, nor was that court asked to instruct the jury in that regard. (*Doyle* v. *Douglas Machinery Co.* 73 Ill. 273.) And since we can not say that the evidence does not tend to prove the issues on behalf of appellee, the action of the Appellate Court in affirming the judgment is conclusive as to the questions of fact. *Fitch* v. *Johnson,* 104 Ill. 111; *Edgerton* v. *Weaver et al.* 105 id. 43; *Chicago and Eastern Illinois Railroad Co.* v. *Rung,* 104 id. 641.

The specific acts of negligence charged in the declaration are: Not ringing a bell or blowing a whistle eighty rods before coming to a highway crossing; running at a rate of speed of twenty miles an hour within the city limits, where an ordinance prohibits running at a higher rate of speed than six miles an hour; not approaching a street crossing with due care and caution; leaving cars standing partially across a street crossing, and thereby obstructing the view of a train standing on a track just beyond, and, without any previous warning, starting that train across the track, with loud, shrill whistles; and running an engine and cars over a street crossing at a high rate of speed, and ejecting steam from the steam chest. There is no averment of negligence in not having a flagman stationed at this crossing, nor in not having a man stationed upon the train as a look-out, to give notice of its approach, nor of negligence in any other respect than those just pointed out.

The evidence shows that appellee, who is a married woman and who lives with her family a few miles north-east of Decatur, on the morning of November 1, 1881, in company with her husband, went to Decatur to trade. They traveled in a spring wagon, drawn by a pair of horses, which were driven by her husband. Their way, after entering the city limits, led along Broadway street, which runs north and south, and crosses appellant's line of railway some distance west of its depot. Appellant has four tracks crossing this street, east and west,—one main track, and the other three side-tracks for switching cars. Appellee and her husband having completed their trading, started homeward, traveling northwardly along the line of Broadway until they came to the crossing of appellant's road. Their horses had partially crossed the tracks, when, becoming frightened by the noise and advancing of an engine and cars, they started quickly, reared, and plunged to the eastward, and then, being restrained, they backed, and suddenly turned to the westward, throwing the wagon into a lock or cramp, and thereby appellee was either thrown from the wagon, or so frightened that she jumped therefrom to save herself. She fell upon the planking between the railway tracks, and was seriously and permanently injured, the short ligaments in the right knee-joint that hold the parts of the joint together, being torn asunder. There was a building on the west side of the street and south side of the railroad right of way, flush with the street on one side and with the railroad track on the other, and another building on the opposite side of the street, together with other obstructions, thus cutting off a view of the railroad track in either direction until within a very short distance of the tracks themselves. It is in dispute, by the evidence, whether cars were standing on the tracks, projecting into the street; on what tracks were the engine and cars by which the team was frightened; whether that engine and cars ran across the street rapidly, or stopped before coming to it, and whether any, and

what, signals were given. It was in proof that Broadway street is considerably traveled, and that it is one of the thoroughfares of the city.

The court, at the instance of appellee, gave the following among other instructions to the jury:

"Railroad companies, in operating their trains and engines, must be held, in crossing public highways and thoroughfares, so to regulate the speed of their trains, and to give such signals to persons crossing, that all may be apprised of the danger of crossing the railroad track; and they should keep a lookout, so as to see, and as far as possible prevent injury to others exercising their legal rights. A failure of any of these duties, when injury occurs because of such failure, renders them liable for injuries inflicted and for wrongs resulting from the omission, provided the person injured has used all reasonable precautions to avoid such injury."

This was error. The requirement that appellant should give "such signals to persons crossing that all may be apprised of the danger of crossing the railroad track," is condemned in *Chicago, Burlington and Quincy Railroad Co.* v. *Dougherty*, 110 Ill. 521, *Peoria, Pekin and Jacksonville Railroad Co.* v. *Siltman*, 67 id. 72, and *Chicago and Alton Railroad Co.* v. *Robinson*, 106 id. 142. Moreover, it must be obvious, since the object of written pleadings is to apprise the defendant of the ground of action on which the plaintiff relies, and thereby afford him an opportunity to meet that specific ground, it can not be admissible that one ground of negligence be alleged and a recovery be had upon another and distinct ground. We have seen, here, that no allegation bases appellee's right to recover on account of the failure of appellant to place a person to keep a lookout, on the train, nor on the ground of a failure to keep a flagman at the crossing to warn persons of the approach of trains; yet the jury are told, by this instruction, that appellant was to give "signals to persons crossing,"

and "keep a lookout, so as to see, and as far as possible prevent injury to others." What "signals" were to be given, and in what manner such "lookout" was to be kept, the jury were not informed, further than that they were to be such that all might be apprised of the danger of the crossing, and that the "lookout" was to be such as to see, and as far as possible prevent injury to others. With these ends in view, the jury are left to be judges of what shall be the "signals" and the "lookout."

But counsel insist that the instruction must be construed with reference to the case actually being tried. The difficulty is, the instruction directs the minds of the jury away from the case actually being tried, and allows them to find the appellant guilty of negligence on a ground not charged in the declaration. It can not be said it is impossible, or even unreasonable, that they could have so found, for there was no evidence offered,—and, under the pleadings, there need have been none,—either that there was a flagman at the crossing, or a person placed on the rear end of the train to keep a lookout, and the instruction authorized the jury to find that the omission of these was negligence.

In another instruction given at the instance of appellee, there is an explanation, which is not objectionable, of the word "lookout," as used in that instruction; but it applies to that instruction only, and does not profess to apply to or modify this, which, on its face, assumes to be the complete statement of a cause of action.

The other objections urged by counsel for appellant we deem untenable, but for the error in giving this instruction the judgment is reversed and the cause remanded.

*Judgment reversed.*