## RUDOLPH V. GRAFENREID, EXECUTOR, ETC.,
## v.
## KATHERINE KUNDERT.

*Administration—Acceptance by Legatee of Certificate of Deposit—Cash Balance—Guaranty by Executor—Failure of Bank—Estate not Liable—"Without Recourse"—Parol Evidence—Ignorance of the Law.*

1. Where a legatee has accepted from the executor a certificate of deposit, belonging to the assets of the estate, and paid a balance thereon in cash, upon the failure of the bank before the maturity of the certificate, he can not sustain a claim against the estate on a guaranty by the executor.

2. In the case presented, it is *held:* That the instruction given for the plaintiff was erroneous; and that the order of the County Court to the executor to pay her legacy without bond was not warranted by law.

3. However ignorant in other respects a person may be, he is bound to know the law and obey its rules.

[Opinion filed June 7, 1887.]

APPEAL from the Circuit Court of Madison County; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. METCALFE & METCALFE, for appellant.

Messrs. WILLIAM P. BRADSHAW and JOHN G. IRWIN, for appellee.

GREEN, J.  At the March term, 1886, of the County Court of Madison County, appellee filed her claim against the estate of Schneider, and the court rendered judgment for the full amount thereof.  At the June term, 1886, appellant appealed therefrom to the Circuit Court, where a trial was had, and a verdict rendered for appellee for $1,612.35.  Appellant's motion for new trial was overruled, and the court rendered judgment for $1,612.35 and costs, in favor of appellee and against appellant, to be paid in due course of administration, upon surrender by the plaintiff to the defendant of a certificate of deposit for $1,800, dated January 8, 1884, drawn by F. Ryhiner & Co. in favor of Balthasar Schneider, due three years after date with six per cent. interest.  From this judgment appellant took this appeal.

The claim filed was against the estate, sworn to, and consisted of an account as follows:

"Jan. 10, 1885.  To bank certificate of deposit
  indorsed to me                                   $1,800.00
To interest at six per cent. from January 8, 1885, to
  March 6, 1886                                       126.00

                                             $1,926.00
      By dividend collected                   184.50

      Balance due                         $1,741.50

This indorsement appears on the claim:

This claim is for $1,000 legacy under the will of deceased, and $800 cash paid executor and interest, less $184.50."  It appears by the record Schneider died testate July 5, 1884.  By his will, probated July 10, 1884, he bequeathed to appellee a specific legacy of $1,000, and the residue of his estate he devised and bequeathed to his nephews and nieces.  Among other assets of his estate was the certificate mentioned in the judgment, which did not become due until January 8, 1887.  On January 10, 1885, this certificate was by appellant delivered to and received by appellee indorsed, "Pay to the order of

Katherine Kundert, without recourse. Highland, Ill., Jan'y 10, 1885. Rudolph V. Grafenreid, Executor."

For this certificate so indorsed, appellee paid appellant $800, and this receipt: "Received of Rudolph V. Grafenreid, executor of the estate of Balthasar Schneider, deceased, the sum of $1,000 in full, as special legacy according to his last will. Highland, 10th of January, 1885. Katherine Kundert." At the time of this transaction no order of the County Court had been asked for, or entered, empowering or authorizing the executor to sell or assign this certificate.

On the trial below, appellee claimed and introduced evidence tending to prove that appellant induced her to take the certificate and pay him $800, by his statements to her; that he wanted to pay her the legacy, and wished her to take the certificate in payment and give him the difference in money and he would pay her the amount of the certificate, if the bank did not; that he was bound to make it good anyway as long as he was executor. She also testified appellant was a friend and she took the certificate because he told her to and because she relied on what he said; that she could not read English, and the indorsement and certificate was not read or explained to her. She explained the way appellant obtained the receipt from her was, by telling her it was something to show where the certificate was, and asking her to sign it, which she did. Appellant denied the version given by appellee and testified, the first conversation he had with her he told her if she wanted the certificate she could have it, and if not she need not take it. Then gave her until January 10th to make up her mind; on that day called again; she then wanted it, and he assigned it to her. She wanted her legacy and that was the only thing out of which to pay it. He explained everything to her in German; she took the certificate in payment of her legacy and paid him the difference, $800, and gave him the receipt. Appellant also introduced evidence tending to prove his version of the transaction. The bank of F. Ryhiner & Co. closed its doors, April 30, 1885, and made an assignment three or four days thereafter, and appellee received from the assignee $184.50 upon said certificate, as a creditor of the

bankrupt firm, which sum appears as a credit item upon her account filed as a claim in this case. Other evidence touching the solvency and reputation of said firm, payment of other legatees, inventory, etc., was introduced, which, in the view we take of the case, it is unnecessary to detail here. The instruction given on the trial for plaintiff embodies the law held by the trial court to be applicable to the facts proven, and her counsel insist upon its correctness.

" If the jury believe from the evidence that the estate of Balthasar Schneider, deceased, being indebted to the plaintiff in the sum of $1,000 for a legacy bequeathed to her, the defendant, as executor, turned over to her in payment of said legacy a certificate of deposit of F. Ryhiner & Co. for $1,800, and received in cash, or its equivalent, the difference between the amount of said legacy and said certificate, and that the plaintiff was induced to accept said certificate by the promise of the defendant that if F. Ryhiner & Co. did not pay it he would; and that she took said certificate without knowledge of the fact that it was indorsed, without recourse, with the understanding that if the bank did not pay it it was to be made good to her by the defendant; and that the plaintiff is unable to read English and signed the receipt offered in evidence and accepted said certificate on the representations of the defendant and without knowledge of their legal effect, and was led to suppose they were such papers as expressed the verbal understanding she had with defendant, and that F. Ryhiner & Co. failed and became insolvent, they will find for the plaintiff." We think it was error to so instruct the jury. Appellee does not stand on the same footing with creditors of the estate. The testator owed her nothing at the time of his death. She was the subject of his bounty as legatee named in his will, and as such the enforcement of the payment of his legacy by the order of the County Court was subject to the conditions prescribed by the statute. By Sec. 116, Chap. 3, Starr and C. Ill. Stat., it is provided: " Whenever it shall appear that there are sufficient assets to satisfy all demands against the estate, the court shall order the payment of all legacies mentioned in the will of the testator, the specific legacies being the first to be satisfied."

It does not appear the court had evidence to satisfy it that all the legal demands against the estate had been filed, which might, by the provisions of Sec. 70, Chap. 3, *Ibid.*, be allowed if presented within two years after filing letters testamentary; but even indulging the presumption that the court was satisfied the assets were sufficient to satisfy all demands against the estate, yet Sec. 117, Chap. 3, provides : " Executors and administrators *shall not be compelled to pay legatees* or *distributees* until bond and security *is given by such legatees* or *distributees* to refund the due proportion of any debt which may afterward appear against the estate and the costs attending the recovery thereof; such bond shall be made payable to such executor or administrator and shall be for his indemnity and filed in the court."

We apprehend this section is mandatory and the order of court compelling appellant to pay the legacy to appellee, without requiring her to give such bond, was in violation of the provisions of said section and was not warranted by the law.

But this order, in addition to the amount of the legacy, included the payment of a claim of $800 to appellee.

This sum is not claimed as a debt the testator owed her at the time he died but as a debt against his estate created after his death by the executor of his will by transferring a certificate of deposit which was an asset of the estate to appellee, and obtaining therefor from her a receipt for her legacy and $800 in cash, she relying upon his promise to make the certificate good to her, or to pay her the amount of it if the bank did not. This transaction, so far as the estate is concerned, was a nullity. She thereby took no title to the certificate or acquired the lawful right to collect a dividend thereon from the assignee.

If it became necessary to sell this asset of the estate before its maturity, to raise means for the payment of claims and legacies, Sec. 85, Chap. 3, *Ibid.*, prescribes how such sale may be made : " The County Court may order claims, debts and demands, due at so remote a period as to prevent their collection within the time required for the final settlement of estates, and the collection or disposition of which is necessary

Grafenreid v. Kundert.

to the payment of the debts against the estate, to be compounded or sold in the same manner and upon like conditions as though such claims, debts or demands were desperate or doubtful. *Provided,* that no such claim, debt or demand shall be sold or compounded for less than ten per cent. below the value thereof;" and Sec. 38, *Ibid.,* provides for sale of desperate or doubtful debts, etc., by the County Court's order, upon notice of application therefor. But the executor had no power to increase the assets of the estate or to change them by transferring this certificate and procuring $800 from appellee, and had no power to make the sum he so procured a charge upon the estate. However ignorant in other respects appellee may be, she is bound to know the law and obey its rules in dealing with appellant as an executor. If, by the fraud and misrepresentation of appellant influencing her action, as she claims, a liability has been incurred to refund to her $800 paid to appellant by her, it is a liability personal to him, and not such as creates a valid claim against the estate; and if any equities arise out of the transaction between appellant and appellee, such equities pertain to them as individuals, and can not be litigated in this proceeding. The valuation of $1,800 fixed upon the certificate by these parties in that transaction, is not the basis upon which its value as an asset is to be estimated; the evidence shows that no more than seven per cent. of its face value, in addition to the dividend received by appellee, can ever be collected. This dividend and the seven per cent. is the value of the certificate as an asset, and it, with the other assets inventoried, are the means furnished to pay claims against the estate and legacies bequeathed. And to this source appellee must look for the payment of her legacy after the claims having priority to it have been paid out of said assets. We are of opinion appellee was not entitled to recover judgment for her legacy, for the reasons already given, and is not entitled to recover, as a claim against the estate, judgment for the $800 she paid appellant.

The judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*