SUSANNAH V. GRAFFENREID, EXECUTRIX,

v.

CATHARINE KUNDERT.

*Administration—Acceptance by Legatee of Certificate of Deposit—Cash Balance—Guaranty by Executor—Failure of Bank—Executor's Liability —Evidence of Deceased Person at a Former Trial.*

1. Where a legatee has accepted from the executor a certificate of deposit belonging to the assets of the estate, and paid a balance thereon in cash, upon the failure of the bank before the maturity of the certificate, a recovery may be had from such executor of the balance so paid.

2. In an action brought to recover such balance this court holds that the transaction in question was made upon the assurance of the executor that he would guarantee its safety; that testimony as to his evidence upon a former trial, he having died in the meantime, was properly admitted; and that dividends paid by the assignee of such bank to the legatee on the certificate in question, belong to the estate of her testator and not to her.

3. An admission of a deceased witness upon the stand does not require to be proved otherwise than if it had been made elsewhere.

[Opinion filed June 15, 1889.]

Appeal from the Circuit Court of Madison County; the Hon. William H. Snyder, Judge, presiding.

Messrs. Metcalfe & Metcalfe and Wise & Davis, for appellant.

In the testimony of Mrs. Edelman, witness for appellee, the court permitted the witness to prove what Mr. Graffenreid testified to on a previous trial of a case against him as executor, and receiving the $800, without requiring her to state previously that she remembered the substance of all he swore to at that time.

In all the following cases the courts hold that before a witness is competent to prove what a deceased witness swore on a previous trial, he must be able to state "that he remembers the *substance* of what a deceased witness swore to on a former trial—not the precise words." Iglehart v. Jernegan, 16 Ill. 513; Bergen v. The People, 17 Ill. 426; Barnett v. The People, 54 Ill. 330; 1 Greenleaf on Ev., Secs. 163 and 168 and notes.

The same error was made by the court in admitting as a competent witness Timothy Gruaz, to testify in the same way, against our objection, as to what G. affenreid swore, instead of requiring him to state that he could recollect the substance of all he swore to at that time.

Both these witnesses ought to have been excluded on these authorities.

"In the negotiation of bill and notes to exempt from liability it is necessary to indorse on the note 'without recourse.'" Chitty on Bills, p. 353.

"An indorsement of a note to ' A ' without recourse, or at his own risk, will not restrain the negotiability of the note, but will simply exclude any responsibility of the indorser on the non-acceptance or non-payment thereof." Story, Drawn Notes, page 172; Freeman v. Guyer, 13 Ill. 653; Stevenson v. O'Neal et al., 71 Ill. 314.

The certificate of deposit in this case, in its legal effect under our statute, is a promissory note, and the appellant had a right, as executor, to make said contract of indorsement.

The executor or administrator " may assign a promissory note payable to his intestate." McConnell v. Hodson, 2 Gilm. 640; Makepeace v. Moore, 5 Gilm. 474; Dwight v. Newell, 15 Ill. 333; Walker v. Craig, 18 Ill. 116, 128; Wooley v. Lyon, 117 Ill. 249; Story, Prom. Notes, Secs. 120–3.

Messrs. JOHN G. IRWIN and DALE & BRADSHAW, for appellee.

We insist that the court erred in rejecting the evidence of appellee. Her evidence was objected to on the ground that she was incompetent under the statute, she being a party in interest and the person against whom her evidence was offered being dead.

The objection would be well taken if this had been the first trial of the case, and the parties had not both testified on a former trial. The object of the statute is to prevent a party in interest from testifying where the opposite party can not be heard by reason of death, or is otherwise incapacitated. On a former trial of the identical subject-matter, both appellee and the deceased, Graffenreid, had testified fully, both on direct and cross-examination. Their evidence had been fully embodied in the record which was before this court. Appellant could have had the full benefit of all that Graffenreid could swear to. Graffenreid having testified fully on a former trial, giving his version of the transaction, and his evidence having been preserved in the record, and he being dead at the time of this trial, and this trial involving the same issues, it was competent for the appellant to prove, at this trial, what deceased swore to on the former trial. The Chicago & E. I. R. R. Co. v. O'Conner, 119 Ill. 586.

This gave appellant the full benefit of his evidence. She was not deprived of it, and we insist that, under such circumstances, she can not claim the benefit of the statute. 2 Best on Evidence, Sec. 496 (Morgan's Ed.); 1 Greenleaf on Evidence, 11th edition, Sec. 165.

REEVES, J. Balthaser Schneider died testate in 1884, and by his will left a legacy to appellee of $1,000. Rudolph

Graffenreid was appointed the executor of the will of Schneider. There came into his possession as executor a certificate of deposit issued by the banking house of F. Ryhiner & Co., of Highland, to Schneider, for $1,800, dated January 4, 1884, due three years after date with six per cent. interest.

In January, 1885, Graffenreid, as executor of Schneider, made an arrangement with appellee by which he transferred to her this certificate of deposit by indorsing it "without recourse," as executor, taking appellee's receipt for the $1,000 legacy and receiving from her $800 in cash. In April, 1885, the firm of F. Ryhiner & Co. failed and made an assignment. This suit was brought by appellee against Rudolph Graffenreid in his lifetime to recover back from him the $800 paid by her to him on the certificate. Originally the suit sought to recover from Graffenreid as executor of Schneider, but as it now stands the recovery is sought from Graffenreid personally, or rather from his estate.

Some of the questions now made on the record before us were decided by this court at its February term, 1887, in this same case. It was then held that the transfer of the certificate of deposit was a nullity, and that appellee took no title to the certificate. Graffenreid v. Kundert, 23 Ill. App. 440.

It was also held that appellee had no claim for the $800 paid by her, against the estate of Schneider; that the transaction between Graffenreid and appellee in no way bound the estate of Schneider, and that Graffenreid was acting in this matter entirely without authority of law as such executor, and consequently the only liability growing out of the transaction attached to Graffenreid personally. As Graffenreid had no right to receive the $800 which he got from appellee, it would seem to follow as a matter of law that appellee should have the right to recover it back.

Without entering into the details of the evidence, we think it sufficiently appears that appellee was induced to take the certificate and pay the $800 upon the assurance of Graffenreid that he would make it good to her.

The error assigned as to the improper admission of testimony

is not well taken.   It seems to us to have been sufficiently shown that the witness not only remembered what the deceased witness testified to on the point to which inquiry was directed, but was able to state his evidence on this point quite fully. It was not necessary that she should be able to state that she remembered the substance of all his testimony in the case.

This may be limited to the testimony upon some particular subject about which the deceased witness testified.   1 Greenleaf on Ev., Sec. 165.   Furthermore this testimony was proper to prove an admission of Graffenreid.   That the admission was made on the witness stand does not require it to be proved otherwise than if it had been made elsewhere.

The proposition of law which the trial court refused to hold was properly refused in view of the former decision of this court.   We adhere to the views in that opinion expressed.

The dividends paid to appellee by the assignee of the bank on this certificate belonged to the estate of Schneider, and appellee is responsible to that estate for them.   The appellant has no right or interest whatever in them.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*