## SUSANNAH V. GRAFFENREID, EXECUTRIX, ETC.,

### v.

## KATHERINE KUNDERT.

*Administration—Specific Legacy—Attempted Payment of by Executor by Transfer of Certificate of Deposit—Insolvency of Maker of Certificate —Remedy of Legatee—Devastavit—Bond.*

1. This court holds that the attempt of an executor to pay a specific legacy of his testator by the transfer of a certificate of deposit belonging to the estate, which was accepted by the legatee and a receipt given for her legacy, the maker of the certificate having defaulted, was unauthorized and v id, and that said receipt was also void.

2. In the case presented, this court holds that the acts of the executor amounted to a *devastavit*, and that the legatee had her remedy against the executor or his legal representative (he having died) without first applying to the court for the appointment of an administrator *de bonis non*.

3. A legatee can only be required to give a bond to refund a due proportion of any debt which may afterward appear against the estate when payment is demanded before the period for exhibiting claims has expired.

[Opinion filed February 4, 1890.]

APPEAL from the Circuit Court of Madison County; the Hon. B. R. BURROUGHS, Judge, presiding.

Mr. A. W. METCALFE, for appellant.

Messrs. J. G. IRWIN and W. P. BRADSHAW, for appellee.

REEVES, P. J. Balthaser Schneider died testate in July, 1884, bequeathing a specific legacy of $1,000 to appellee and the residue of his estate to his nephews and nieces. Rudolph V. Graffenreid was named as his executor and qualified as such. A part of the assets of Schneider's estate was a certificate of deposit of F. Ryhiner & Co., bankers, for $1,800, dated January 8, 1884, due three years after date with six per cent per annum, interest. In January, 1885, the executor induced appellee to take the certificate and give him in exchange $800 cash and a receipt for her legacy. He indorsed the certificate as executor without recourse.

In April, 1885, the firm of F. Ryhiner & Co. failed and made an assignment for the benefit of their creditors. Claims to the amount of $56.50 were proved against Schneider's estate. Graffenreid, the executor, died before this suit was commenced, but the date of his death is not disclosed by this record. Prior to his death, on the 9th day of July, 1886, he made up a report of all his acts in connection with

the estate of Schneider, which he verified by affidavit. This report was not filed in the County Court. It shows that he collected $3,525.58, and paid on claims probated, funeral expenses, doctor's bills, taxes and expenses of administration, including $10 to clerk for his costs in full, the sum of $192.24. Deducting this sum and his commissions, $211.54, from the receipts, left a balance of $3,121.80, which he shows paid out as follows:

Katherine Kundert $1,000, and the remainder to. the nephew and nieces, who were residuary legatees by the will. By this report it appears that the estate was settled; at least all the moneys which he shows came into his hands, the report shows had been paid out. The certificate of deposit was proved up by appellee before the assignees of Ryhiner & Co., and she received from them $396 in dividends. This is all the money which the evidence shows she received on her legacy of $1,000. Appellee filed her claim against the estate of Graffenreid for the balance of her legacy and recovered a judgment against his estate for $604, from which this appeal is prosecuted. This court has already held upon the facts disclosed by the bill of exceptions in this case, in Graffenreid v. Kundert, 23 Ill. App. 440, and in Graffenreid, executrix, v. Kundert, decided June 15, 1889, that the transfer of the certificate of deposit by Graffenreid to appellee was a nullity, and that appellee took no title to the certificate and did not acquire the lawful right to collect the dividends paid by the assignees thereon. We adhere to the views there expressed upon this point. In the last case it was further said: "Without entering into the details of the evidence, we think it sufficiently appears that appellee was induced to take the certificate and pay the $800, upon the assurance of Graffenreid that he would make it good to her." ".As Graffenreid had no right to receive the $800 which he got from appellee it would seem to follow, as a matter of law, that appellee would have the right to recover it back."

For the same reason appellee's receipt for her legacy which Graffenreid got at the same time that he got the $800, can not be used against her.

The exception to the admission of portions of Mrs. Edel-
man's testimony does not seem to us to be material, if sus-
tained. It is shown that Graffenreid secured this receipt
from appellee and the $800 in cash, by the attempted transfer
of the certificate of deposit, which transfer we have held he
had no power to make. If this transaction did not pay the
legacy he never paid it, and there is no pretense that he did.

The only remaining question is, shall appellee look to
Schneider's estate or the estate of Graffenreid for her legacy?
All the assets of Schneider's estate except the certificate of
deposit were converted into money by the executor. He
paid out all he collected exclusive of the eighteen hundred
dollar certificate—$1,725.58. His disbursements, except to
residuary legatees, were $403.75, and he paid these legatees
$1,591.35. There is nothing left except the dividends on the
certificate of deposit. These were paid to appellee and she is
charged with the amount as her legacy. It is contended, that
as the estate of Schneider was not adjudged settled by the
County Court, an administrator *de bonis non* for this estate
should have been appointed, and appellee compelled to exhaust
the estate before she could have any remedy against Graffen-
reid's estate, and this remedy should be sought through such
administrator *de bonis non.*

We do not see the necessity of such appointment in the case
of Schneider's estate. There would be nothing he could
administer upon except to collect from appellee the dividends
she had received on the certificate of deposit. These, if col-
lected, would go wholly to the person from whom it was col-
lected; as it is, the estate got the benefit of these dividends
in a credit upon her legacy. An administrator *de bonis non*
has no right or authority at common law to call on the former
executor to account to him for the proceeds of such estate, or
for its management, or for any breach of duty respecting it.
In such case the former executor or his legal representatives
are liable directly to the heirs, devisees, next of kin, and cred-
itors, and the provisions of our statute authorizing the County
Court in certain contingencies to revoke the letters of an
administrator or executor and remove him from office, and

Graffenreid v. Kundert.

upon such revocation and removal to appoint another in his
stead, and the further provision that in such case the newly
appointed administrator may maintain an appropriate action
or proceeding against such removed executor for any waste,
mismanagement of, or breach of duty with respect to the estate,
occurring during the latter's administration, do not apply here.
Hanifan v. Needles, 108 Ill. 403.

The evidence in this case shows not only the conversion of
assets into money, but the improper distribution of the money.
Appellee's legacy was first to be paid after the debts of the
estate.    The sum of $1,591.35 was paid by the executor to the
residuary legatees, to whom nothing was due until appellee
was paid in full.    It is urged that the executor was not bound
to pay this legacy until bond and security is given by legatee,
to refund due proportion of any debt which may afterward
appear against the estate.    This can only be held to apply
where payment is demanded before the time has expired for
exhibiting claims against the estate.

It would be impossible for the County Court, after the
death of Graffenreid, to order him to make distribution of
the money collected by him in accordance with the will.    If
he was still alive such an order could be made, and the rights
of appellee might be enforced in that way, but this mode is
not exclusive.    It is well recognized that a party, having an
unpaid claim against an estate, may recover against the admin-
istrator personally or on his bond, showing a *devastavit.*
Neubrecht v. Santmeyer, 50 Ill. 74; Curry et al. v. People,
use, etc., 54 Ill. 263.    This, we think, was shown in this case.
This is not a suit in which the estate of Graffenreid is sought
to be charged, upon a parol promise, for the debt of another,
but it seeks to charge his estate for a misapplication of the
money that came into his hands as executor of Schneider.
The statute of frauds, therefore, does not apply.

We are satisfied with the judgment of the Circuit Court,
and it is affirmed.

*Judgment affirmed.*