## The McCormick Harvesting Machine Company

*v.*

## Gustav Burandt.

*Filed at Ottawa January 22, 1891.*

1. Practice—*time to object—that the evidence does not support the declaration.* Where it appears, on the trial of a cause, that the evidence does not prove the cause of action as alleged, that objection, to avail, must be urged before judgment, in order that the plaintiff may have an opportunity to obviate it, if he can, by amending his declaration.

2. Same—*amendment of declaration—whether allowable—when no cause of action is proven.* The objection that no cause of action is proved by the evidence can not be obviated by any amendment of the declaration, and may therefore be urged whenever the right exists in the court to consider and determine the weight and effect of the evidence.

3. Master and servant—*negligence—injury to servant—taking the risks of the service.* The rule that a servant engaging in a service attended with danger, assumes the hazard of the ordinary perils which are included in it, does not apply when the servant was ignorant of the danger, and had no reasonable opportunity to know it; nor has it any application when the servant enters upon a hazardous employment under the promise of his employer that he shall be thereafter instructed in his duties, as in such case the servant relies for protection upon the instruction to be thereafter given him.

4. The fact that other parties have never taken certain precautions to prevent injury to their servants is not conclusive evidence that another is not guilty of negligence in failing to provide proper safeguards in respect to his machinery.

5. Evidence—*expert testimony—whether necessary.* The question whether a railing a foot and a half to two feet high, made of thin and cheap gas pipe, along an elevator or conveyor. so that a man could shovel sand into the elevator between the bars, would interfere with the running of the machinery in a foundry, is not one that calls for an expert's testimony. The fact whether such railing would interfere with the running of the machinery is patent to the observation of any one acquainted with the locality or premises.

6. Appeal—*reviewing the facts—to what extent allowable.* In cases coming from the Appellate Court, this court is precluded from passing upon questions of fact, and the finding by that court is conclusive. All this court can do in respect to the evidence legally admissible is, to inquire whether it tends to prove a cause of action, without regard to countervailing evidence, and its amount or weight.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. John P. Altgeld, Judge, presiding.

The following opinion of the Appellate Court contains a sufficient statement of the case:

Gary, P. J. "This is an action by the appellee, to recover damages for personal injury sustained by him while employed in the foundry of the appellants. The fact and manner of the injury and the amount of damages are not in question.

"The foundry was a building three hundred feet long and eighty feet wide. Sunken in the floor of the foundry, extending from very near the center of the building each way to the ends, were three lines of 'conveyors,' about thirty feet apart,

and those nearest the sides of the building about thirteen feet therefrom. They consisted of troughs, which, when covered with two-inch plank, would be even or level with the floor, in which troughs were carried, by endless chains, iron plates, lozenge shaped, eight inches wide in the center, thirteen inches long, distant from each other eighteen inches. The bottoms of the troughs were shaped to fit the plates, which dragged by the chains through them, standing upright on the edge of one side, thereby conveying along the troughs the sand which was thrown into them. Across the troughs, four feet apart, were cross-pieces of three by four inches, let into the sides, to lay the plank cover on, the bottom of which cross-pieces was two inches or a little more above the iron plates. About midnight, in February, 1888, the accident happened. The appellee had worked in the foundry, sometimes of nights and sometimes day work, for two years. At the time he was injured he had been from three to ten nights (the testimony conflicts as to the time) attending to these conveyors, and the machinery by which they were operated. The testimony tends to show that from fifteen to thirty men were at work in the foundry of nights, and that these conveyors were without cover or protection while in use, except that at one place at the north end of the middle conveyor, in the north end of the building, there was a plank about ten feet long, which was intended to be kept in place as a cover. Whether that plank was in place as such cover at the time of the accident is disputed. The appellee testified that when he was set at this work he was instructed that if he was called to any part of the machinery he must go and walk as fast as he could; that he was reluctant to undertake the work, and tried to be relieved from it, as he did not understand that work much; that his superiors told him that he would have to attend to it temporarily. This reluctance of the appellee is disputed. There was testimony tending to show that it was practicable to have guards along the conveyors when the covers were off, and also that it was not practicable.

"The appellee's account of the accident is, that, being at his proper place by a machine at the north end of the foundry, he was called to the south end; that he hastened to cross the middle conveyor at the north end of it, where the plank cover should have been, but it had been removed; that the foundry was very dimly lighted; that in consequence of the removal of the cover without his knowledge, he stepped into the conveyor and received the injury complained of. There was other testimony, also, that the plank cover had been removed and the light dim. On the part of the appellants there was testimony that the plank cover was in place; that the appellee stepped into the conveyor south of the cover, and as to the sufficiency of the light. No instruction to the jury was asked by the appellee, and all that the appellants asked were given.

"The errors assigned, as occurring on the trial, are, in admitting testimony as to the practicability of having guards along the conveyors when the covers were off, as to the want of knowledge by the appellee about running machinery, and in refusing to permit the superintendent of the works of the appellants, after he had described what the appellee had to do, to answer this question: 'Was there anything in that work that required particular mechanical skill?'

"If the subject was one upon which the opinion of an expert was admissible—which probably it was not—the witness was not shown to be himself possessed of mechanical skill, without which he would not be an expert. The testimony admitted was competent upon the questions of negligence by the appellants and ordinary care by the appellee. When the appellee rested his case, the appellants moved the court to exclude the testimony from the jury, and excepted to the denial of the motion, and now assign that denial as error.

"If, upon the evidence, the appellee had a right to recover, the question of any variance from the declaration would not be raised by a general motion of that character—the variance should be pointed out. (*Wabash, St. Louis and Pacific Ry. Co.*

v. *Coble,* 113 Ill. 115, and cases there cited in brief of appellee; *Start* v. *Moran,* 27 Ill. App. 119.) Now, upon the general merits of the case, if by instruction the appellee might have presented to the jury, as a ground for a verdict in his favor, any theory which the evidence fairly tended to support, then he is entitled to retain his judgment.     33 Ill. App. 381.

"In many respects there is quite a similarity, not in the circumstances, but in the legal effect of the circumstances, in that case and this. Consistently with the evidence before them, the jury may have found that in the floor of this foundry, in which, during the night, with a dim light, clouded by steam rising from hot, wet sand, fifteen to thirty men were at work, there was placed by the appellants eight hundred feet of these conveyors, every foot of which was a constant menace to the limbs and lives of the men there employed; that they might, with no substantial inconvenience to the business and but small expense, have been so guarded as not to be dangerous, and that therefore there was, on the part of the appellants, very great negligence in exposing their employes to such peril; that in his want of experience, and consequent lack of presence of mind, under his orders to go quickly when called, if he made a mistake in the obscurity of the place, and actually stepped into a part of the conveyor not kept covered, it was not, on his part, a want of ordinary care. Such considerations have, in many cases, prevented the application of the rule that the employe assumes the risks and must bear the consequences of the dangers of the business in which he engages. (*Kane* v. *Northern Central Ry. Co.* 128 U. S. 91; *Lee* v. *Woolsey,* 109 Pa. St. 124; *Plank* v. *New York Central Ry. Co.* 60 N. Y. 607; Wharton on Negligence, sec. 219; *Fairbanks* v. *Haentzsche,* 73 Ill. 236.) Even in States where the doctrine of comparative negligence does not exist, the injured servant has not been denied a remedy where the master unnecessarily exposed him to danger.

"The court committed no error in what it did, or in refusing to undo what the jury did, and the judgment is affirmed."

This case comes here by the appeal of the appellant in the Appellate Court.

Mr. W. W. Gurley, and Messrs. Jenkins & Harkness, for the appellant:

This court may review the evidence when the question is whether it is sufficient to sustain the action. *Blanchard* v. *Railroad Co.* 126 Ill. 416; *Abend* v. *Railroad Co.* 111 id. 202.

All perils incident to his employment were assumed by appellee on entering the service. *Railway Co.* v. *Black*, 88 Ill. 112; *Simmons* v. *Railroad Co.* 110 id. 340; *Railway Co.* v. *Britz*, 72 id. 256.

If a servant continues in the service after full knowledge of the dangers, he can not recover. *Railroad Co.* v. *Flanigan*, 77 Ill. 365; *Manufacturing Co.* v. *Ballou*, 71 id. 417; *Railroad Co.* v. *Munroe*, 85 id. 25; *Stafford* v. *Railroad Co.* 114 id. 244; *Railroad Co.* v. *Lonergan*, 118 id. 41; *Randall* v. *Railroad Co.* 109 U. S. 478; Wharton on Negligence, sec. 213.

The court erred in the admission of evidence.

Mr. Edmund Furthmann, for the appellee:

The question of variance could not be raised on a motion to exclude all the evidence. The variance should be pointed out. *Doyle* v. *Machinery Co.* 73 Ill. 273; *Railroad Co.* v. *Coble*, 113 id. 117; *Benevolent Society* v. *Fietsam*, 97 id. 475; *Railroad Co.* v. *Rung*, 104 id. 644; *Fitch* v. *Johnson*, id. 116.

It is the duty of the master to provide safe machinery, and keep the same in repair. *Railroad Co.* v. *Swett*, 45 Ill. 203; *Railroad Co.* v. *Welch*, 52 id. 186; *Railroad Co.* v. *Gregory*, 58 id. 272; *Railroad Co.* v. *Russell*, 91 id. 298; *Rolling Stock Co.* v. *Wilder*, 116 id. 105; Wood on Master and Servant, 677.

The master is bound to inform the servant of the extra risk and hidden danger. *Coombs* v. *Cordage Co.* 102 Mass. 572; *Walsh* v. *Valve Co.* 110 id. 23; *Wheeler* v. *Mason Manf. Co.* 135 id. 294; *Cayser* v. *Taylor*, 10 Gray, 274; *Engine Co.* v.

*Randall,* 100 id. 293; *Connolly* v. *Poilon,* 41 Barb. 366; Wood on Master and Servant, 717, 718, 726-728; 1 Shearman & Redfield on Negligence, sec. 203.

When quick action and dispatch are required of a servant, it is unreasonable to require of him the same care as if he had time for observation and deliberation. Wharton on Negligence, sec. 219; Shearman & Redfield on Negligence, sec. 213; *Plank* v. *Railroad Co.* 60 N. Y. 607; *Greenleaf* v. *Railroad Co.* 29 Iowa, 47; *Snow* v. *Railroad Co.* 8 Allen, 441; *Reed* v. *Northfield,* 13 Pick. 98; *Railroad Co.* v. *Fort,* 2 Dill. 259; 17 Wall. 388; *Lee* v. *Woolsey,* 109 Pa. St. 125; *Mann* v. *Oriental Co.* 2 R. I. 184; *Railroad Co.* v. *Gregory,* 58 Ill. 272.

In case of an injury by concurring negligence of two different parties, each and both are liable. *Andrews* v. *Boedecker,* 126 Ill. 610; *Village of Carterville* v. *Cook,* 129 id. 156; *Railroad Co.* v. *Shacklet,* 105 id. 364; *Transit Co.* v. *Shacklet,* 119 id. 232; *Railroad Co.* v. *Jackson,* 55 id. 492; *Railroad Co.* v. *Welch,* 52 id. 183.

Mr. Chief Justice Scholfield delivered the opinion of the Court:

The contention that the cause of action alleged in the declaration is not proved, is not tenable, because it was not urged before final judgment in the trial court. When it shall appear, upon the trial, that the evidence does not prove a cause of action as alleged, if it be desired to avail of that objection it must be urged before judgment, in order that the plaintiff may have an opportunity to obviate it, if he can, by amending his declaration. (*Wabash, St. Louis and Pacific Ry. Co.* v. *Coble,* 113 Ill. 115.) The objection, however, that no cause of action is proved by the evidence, could not be obviated by any amendment of the declaration, and may therefore be urged whenever the right exists to consider and determine the weight and effect of the evidence. But since we are precluded from passing upon questions of fact in cases coming here from the

Appellate Court, it follows that the determination of that court as to the weight and effect of the evidence is conclusive, and so all that we may do here, in respect to the evidence legally admissible, is simply to inquire, does it tend to prove a cause of action, without regard to whether there is countervailing evidence, and, if such, the amount or weight of it. *Chicago and Northwestern Ry. Co.* v. *Dunleavy*, 129 Ill. 132.

The general rule is, as contended by counsel for appellant, that where an employment is attended with danger, a servant engaging in it assumes the hazards of the ordinary perils which are included in it. But this assumes that the servant either actually knew of the danger, or by the exercise of ordinary care would have known of it; and it does not therefore have application where the servant was ignorant of the danger, and had no reasonable opportunity to know of it. Nor can it, manifestly, have application where the servant enters upon a hazardous employment under the promise of his employer that he shall be thereafter instructed in his duties, for in such case the servant relies for protection upon the instruction to be thereafter given him.

The testimony given by appellee tended to prove that he was seriously injured by appellant's machinery; that appellee had no previous knowledge of the danger by which he was injured; that he was required by appellant, against his own wishes and without having knowledge of the dangers of the situation, to leave his other work and engage in the work wherein he was injured; that appellant promised appellee, before he engaged in this work, that his duties should be pointed out to him, which promise was not performed. This, if unquestioned, is sufficient to sustain a recovery; and we have seen it can not be here inquired whether it is the same cause of action alleged in the declaration, or whether it was disproved by other evidence. (*United States Rolling Stock Co.* v. *Wilder*, 116 Ill. 111.) It may be conceded that it is not denied but that appellee was familiar with the locality where he was injured;

but familiarity with locality by no means necessarily implies knowledge of the danger in superintending machinery at that locality,—and this appellee's testimony expressly negatives.

It is contended that the court below erred in the following ruling:

Q. "Suppose a railing a foot and a half to two feet high, made of common, thin and cheap gas pipe, all along the elevator there, so that a man could take his shovel and shovel the sand right in between the bars; I would ask you whether the making or putting up of such railing along the elevator could have interfered with the running of that machinery, in your opinion?"

Objected to by defendant.

The court: "Do you allege in your declaration that these conveyors were not properly protected?

Mr. Gurley: "It assumes that that would be a complete guard."

Objection overruled, and exception by defendant.

A. "If the rail was made two feet high we could shovel the sand underneath. This would not interfere with the conveyor. The sand could have been shoveled into the conveyor.

The court: "Was there any railing there—any guard—on either side of this conveyor?

A. "No; nothing at all."

The grounds of this contention, as stated by counsel for appellant, are: First, because "if a servant, knowing the hazards of his employment as the business is conducted, is injured while engaged therein, he can not maintain an action against the master for the injury merely on the ground that there was a safer mode in which the business might have been conducted, the adoption of which would have prevented the injury;" second, because "it had not been shown, and no attempt had been made to show, that such protection had ever been used in any foundry, much less that it had ever come into general use; nor was it shown that the witness had had sufficient ex-

perience, or any experience, in protecting conveyors, so that he could testify as an expert."

It is enough to say, as respects the first objection, that there is evidence tending to show that the appellee did not accept the employment knowing the hazards of it, but that he accepted it under the promise that its hazards should be pointed out to him, which was not done. We do not think that the matter is such that only an expert could testify in regard to it. The fact whether the making of the suggested railing along the elevator would interfere with the running of the machinery, would seem to be patent to the observation of any one familiar with the locality. Nor is it conclusive that appellant is not guilty of negligence because no other foundry had used such railing. The evidence was not conclusive that appellant was guilty of negligence, but we can not say there was error in admitting it, upon the question of negligence, for the consideration of the jury, in connection with the other evidence before them upon that question.

The other questions discussed are not pertinent in this court.

The judgment is affirmed.

*Judgment affirmed.*