# John McGanahan

*v.*

# The East St. Louis and Carondelet Railway Co.

PLEADING—*declaration must show that negligence averred contributed to injury complained of.* A declaration in an action on the case for injury sustained by the plaintiff through the negligence of the defendant, which does not show that the negligence averred contributed in some degree to the injury complained of, is bad on demurrer.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. McCORMICK, WILDERMAN & HAMILL, for the appellant.

Messrs. C. W. & E. L. THOMAS, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action on the case, brought to recover damages for an injury received by the plaintiff in coupling cars of the defendant. A demurrer was filed to the declaration, which was sustained. The plaintiff brings the record here by appeal, and assigns for error the decision of the court in sustaining the demurrer.

The declaration contains but one count, in which it is averred that, on the 17th of March, 1873, the defendant employed the plaintiff as a brakeman, and that it was his duty to couple together the cars of defendant; that while he was so engaged, he received only ordinary wages, and did not assume any spe-

cial risks, but only such as were ordinarily incident to such employment; that it was the duty of the defendant to furnish suitable cars and appliances, so as to enable him to perform his duty with safety; that defendant did not furnish safe and suitable cars, but negligently furnished a car for the transportation of certain railroad iron, which was unsafe; that the car was much shorter than the iron, so that the iron projected over the ends of the car, thereby rendering it unsafe and dangerous to plaintiff while in the performance of his duty, all of which the defendant well knew; that while plaintiff was coupling two of defendant's cars, one of which was a box car, on its track, and the other was a rear car of a train attached to an engine of defendant, which engine and train were being backed up by defendant to be coupled to the box car, he necessarily had to go between the cars to couple them; that while his attention was wholly absorbed in watching the signals from the train, which was backing up, and while he was between the cars for the purpose of making the coupling, the cars came violently together, and while he was using all due care, and without fault or negligence on his part, without any knowledge or notice whatever that the iron bars were projecting over the end of the car at the time, etc., but by reason of the negligence of the defendant, he had his right hand caught between said cars, and thereby mangled and hurt, etc.

This declaration can not be held sufficient. The only act of negligence on the part of the defendant, of which the plaintiff seems, by his declaration, to complain, is, the car upon which the iron was loaded was too short, and the iron projected over the end of the car.

While this may be conceded to be an act of negligence on the part of the defendant, yet, unless this negligence of the defendant contributed, in some degree, to the injury received by plaintiff, then it certainly could be no ground of recovery.

The declaration does not aver that the plaintiff was injured by the iron projecting over the end of the car. The substance of the averment is, that the cars came violently together, and his hand was caught between the cars and injured while he

was in the act of coupling the cars. For aught that we are able to perceive, this would as readily occur if no iron had been projecting over the end of the car.

The plaintiff entirely fails, by his declaration, to show that the injury received was occasioned by the negligence he attributes to the defendant. This objection to the declaration we regard as fatal.

The judgment of the circuit court will, therefore, be affirmed.

*Judgment affirmed.*