The East St. Louis Connecting Railway Company

*v.*

The Wabash, St. Louis and Pacific Railway Company.

*Filed at Mt. Vernon January 20, 1888.*

1. Pleading—*count in assumpsit, when the writ is in case.* A declaration is irregular, which is really a count in *assumpsit,* while purporting to follow the writ, which is in *case.*

2. Same—*of the declaration—in action against carrier.* A declaration in an action on the case against a common carrier which fails to disclose the real ground of complaint, and make known just wherein the defendant is guilty of a breach of its promise or duty, is substantially defective.

3. Carriers—*liability for re-delivery of railroad cars—carrier as an insurer.* Where a plaintiff delivers cars to the defendant, a carrier, to be delivered to a manufacturing company, and they are so delivered, and such company receives the cars of the carrier and places them upon an independent track of its own, out of the defendant's reach, and where he can not rescue them from danger, and they are accidentally destroyed by fire while in such place, the defendant carrier will not be liable for the loss.

4. A connecting railway company, having a line of road connecting with the tracks of various other roads, received loaded cars from another railway company to be delivered by it upon the track of a manufacturing company, and to return the same when unloaded by the latter company, and did so deliver the same in accordance with its previous course of business. The cars were burned before being unloaded and re-delivered: *Held,* the former company was not liable for the loss of the cars, or for its failure to return them. When so delivered to be unloaded, the cars must be held to have reached their destination, and the carrier's liability as insurer ceased; but if they, after being unloaded, are returned to the carrier which brought them to their destination, its liability will commence anew, and continue until the cars are returned to the original consignor.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the City Court of East St. Louis; the Hon. B. H. CANBY, Judge, presiding.

Mr. CHARLES W. THOMAS, for the appellant:

It was not possible, under the facts of this case, to draw a provable declaration that would support a verdict, and counsel for appellant, at the proper time, moved in arrest of judgment. *Stearns* v. *Cope,* 109 Ill. 340.

The declaration alleges that the cars were delivered to appellant, to be conveyed by it, as a common carrier, to the glucose works, "and after the said cars should be unloaded," to be safely returned by it to appellee. As the cars never were unloaded, they could not be returned. The declaration fails to show that the cars ever were unloaded, and hence fails to show the appellant neglected any duty,—in other words, fails to show any breach of the alleged contract.

The declaration has another manifest weakness. It fails to show in what manner the appellant carelessly and negligently conducted itself with respect to the cars. It makes no definite charge of any particular neglect or default of appellant which in any manner contributed to the loss of appellee's property. A general charge in an action on the case for negligence, that the defendant, intending to injure plaintiff, so carelessly and negligently conducted himself with regard to plaintiff's property that it was wholly lost to plaintiff, would scarcely be considered good pleading under the decisions of our courts. *Railroad Co.* v. *Harwood,* 90 Ill. 425; *McGanahan* v. *Railway Co.* 72 id. 557.

It is the province of a declaration in case, to notify the defendant of the particular neglect or default of which it is claimed he has been guilty, in order that he may prepare his proof to meet the specific charge made. It might be sufficient, in an action of assumpsit against a carrier for non-delivery of goods, to make a general charge of negligence, because in

that form of procedure the mere failure to deliver is the *gist* of the action; but in an action on the case, where negligence is the *gist* of the action, and where there can be no recovery unless negligence or willfulness is shown, it is necessary to charge specifically what negligence the defendant has been guilty of.

The right of recovery seems to have been based upon the case of *Peoria and Pekin Union Railway Co.* v. *Chicago, Rock Island and Pacific Railway Co.* 109 Ill. 135. That case differs so widely from this that it is no authority.

Nor is the position tenable, that appellant can, under the circumstances, be held as an insurer. This liability only attaches while the carrier has charge and custody of the consigned goods in its capacity of common carrier. There is no such liability where the goods have reached their destination, and are stored by the carrier for the consignee, although they may still be in the custody of the carrier. In the case of *Missouri Pacific Railroad Co.* v. *Chicago Railroad Co.* 23 Am. and Eng. R. R. Cases, 718, it was held, that where a railroad company received loaded cars from another road for transportation, it is liable as a common carrier in case they are destroyed *en route* by fire. If destroyed by fire after delivery to the consignee, or after they have been tendered to him, the company is not liable, if not in fault.

The fact that by the custom of railroads empty cars are always re-delivered to a consigning railway free of charge, has no effect. It might raise a question of liability if the cars should be destroyed in the carrier's hands after a re-delivery by the consignee, and while it was returning them without compensation; but that question is not presented here. These cars were destroyed while in the possession of appellee's consignee.

Mr. G. B. BURNETT, for the appellee:

By pleading over after the demurrer to the declaration was overruled, the appellant waived all defects in the declaration.

The allegation of the declaration is, that through appellant's fault the cars were destroyed, and that being so, it is immaterial whether they were unloaded or not. It is urged that the declaration fails to show in what manner appellant carelessly and negligently conducted itself, and said that a general charge of negligence is not good pleading. Such rule has no application to an action on the case against a carrier for a loss of freight. When sued, he can excuse himself by showing there was no negligence on his part. When, therefore, the charge is that the carrier negligently lost the goods, the act of negligence is sufficiently charged, because, as before stated, "everything is negligence in a carrier which the law does not excuse," and the averment, that through the negligence of the carrier the goods were destroyed by fire, is a specific charge of the "negligence the defendant has been guilty of."

For a full and complete answer to all that is urged against the sufficiency of the declaration in this regard, see Hutchinson on Carriers, secs. 739-742.

The case at bar is a much stronger case for the plaintiff than *Peoria and Pekin Union Railway Co.* v. *Chicago, Rock Island and Pacific Railway Co.* 109 Ill. 135.

A carrier receiving freight marked to a particular place, undertakes and is bound to carry to that place, although beyond its own line. If the freight is transported in part over connecting lines, the latter are held to be the agents of the initial carrier in the performance of the carriage, and the owner may look to the latter in case of loss, whether occurring on its own line or a connecting line. *Railroad Co.* v. *Johnson,* 34 Ill. 389 ; *Railroad Co.* v. *Frankinburg,* 54 id. 88 ; *Railway Co.* v. *Monfort,* 60 id. 175 ; *Field* v. *Railway Co.* 71 id. 458 ; *Railway Co.* v. *Smith,* 74 id. 197 ; *Railway Co.* v. *Jaggerman,* 115 id. 407.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This is an appeal from the Appellate Court for the Fourth District, affirming a judgment of the City Court of East St. Louis, in favor of the Wabash, St. Louis and Pacific Railway Company, against the East St. Louis Connecting Railway Company, for the sum of $600 and costs of suit. The evidence tends to show that the plaintiff, on the 16th day of December, 1883, delivered to the defendant, in East St. Louis, two flat cars loaded with coal, to be by it carried and delivered to the East St. Louis Glucose Works, in the same place, and to return the empty cars to the plaintiff when they should be unloaded by the glucose company. The cars, with their contents, were properly and in due time delivered to the glucose company, and while in its possession, without any fault or negligence on the part of defendant, were destroyed by fire. Appellee thereupon brought the present action against the appellant, to recover damages for the loss of the cars. The cause was heard before the court without a jury, with the result already stated.

Upon the trial of the cause, the court was asked to hold, among others, the following proposition:

"1. The court is requested to hold, that if the evidence in this case shows that plaintiff delivered the cars in question to defendant, to be delivered to the glucose works, and they were so delivered, and that the glucose works received the cars of defendant and placed them upon an independent track of said works, out of the defendant's reach, and where the defendant could not rescue them from danger, and that while in such place they were accidently destroyed by fire, plaintiff can not recover for their loss in this case."

—Which the court declined to do, and this is assigned for error. We think the proposition, under the proofs, announced a correct principle, and should therefore have been held by the court as asked. The evidence shows, or at least tends to

show, that the defendant, as its name imports, is what is known as a connecting railway; that its line of road connects it with all the railroads (a dozen or more) coming into East St. Louis, including the plaintiff's; that its business was and is to carry cars containing consignments of grain, merchandise, material, fuel, etc., from the tracks or depots of any or either of these companies to the elevators, factories and other places of business on the tracks or side-tracks of the other roads, and to return the car or cars, after having been unloaded by the consignee, to the proper company. In this case, however, the defendant could not reach the glucose works by its own line of road or that of any of the other companies. Its only means of connection with that establishment was a turn-table connecting defendant's tracks, and a private track of the glucose company extending to its business establishment, a distance of some three hundred feet from the turn-table. The defendant had no interest in or control over the track of the glucose company, and even if it had, it could not, by reason of the location of the track, and manner of its construction, have used it. All the defendant was accustomed to do, and, indeed, all that it could do, with consignments for the glucose company, was to run the cars upon the turn-table, then shove them off upon the private track of that company, and when by it taken to their destination, unloaded and run back to the turn-table, to return them to the consignor.

Assuming these facts to be true, and we must so regard them in passing upon the propriety of the ruling of the court, the question arises, what duties did the law, under the circumstances, imply and impose upon the defendant with respect to the cars in question? We think, when the cars, with their contents, were shoved off the turn-table on to the private track of the glucose company, in conformity with their previous course of business, they had reached their destination, and that consequently the defendant's liability as an insurer of them, ceased. Had the glucose company unloaded and

returned them, as it was accustomed to do, the defendant's liability as a common carrier would have commenced anew, and continued until they were delivered to the appellee. This is the view we take of the law of the case, and no additional words by us would probably make it plainer.

It is supposed that the ruling of the lower court finds support in the case of *Peoria and Pekin Union Railway Co. v. Chicago, Rock Island and Pacific Railway Co.* 109 Ill. 135. We do not think so. It is true, general expressions are to be found in the opinion in that case, which, if considered independently of the facts and circumstances to which they related, possibly give color to this claim. But as has been said time and again by this and other courts, the language of an opinion must always be construed with reference to the facts in the particular case in which the language is used. The difference between the case referred to and the present one, is so radical and well-defined that it requires no discussion at our hands. That is sufficiently done in appellant's brief, and anything we might pertinently say upon the subject would necessarily be more or less a repetition of what is there said.

As the case must be reversed for the error indicated, it may be proper to add, in conclusion, that we regard the declaration not only irregular, as being really a count in *assumpsit*, while it purports to follow the writ, which is in *case*, but it is also, in our opinion, substantially defective in not disclosing the real ground of complaint. It seems to have been drawn with a view of covering up rather than making known just wherein the defendant was guilty of a breach of its promise.

The judgments of the courts below are reversed, and the cause remanded to the City Court of East St. Louis for further proceedings in conformity with this opinion.

*Judgment reversed.*