The opinion of the eonrt was delivered by
McEnery, J.
This is a suit for damages for personal injuries received by the plaintiff by falling through a hole in the platform of the defendant company at the town of Tangipahoa on the night of the 23d of September, 1889.
There was judgment for the plaintiff for the sum of $1500. The defendant company appealed.
The plaintiff, in company with two other ladies, visited the defendant’s depot for the purpose of being present on the arrival of the 8 o’clock passenger train from New Orleans.
In her petition the plaintiff alleges that she was expecting friends on the train from New Orleans who might desire to stop at the boarding house of which she was the proprietress. On this important fact, in her testimony she is silent.
*1158 The ladies who accompanied her, state that the plaintiff was expecting no particular visitor, or visitors, that evening; but she went to the train for the purpose of seeing if there were any persons on the train who might wish to go to her boarding house. It is not stated in the petition, nor is there any evidence to show, that the plaintiff was in the habit of going to the train to solicit custom for her boarding house. It is evident from the statement of the witnesses, and from her silence as to the particular reason which induced her to go to the depot, that she had no defined purpose in going there. Her presence on the platform and at the depot was not for the purpose of transacting any business with the company, to receive freight, welcome friends, or for any purpose for which the depot had been built.
She was at the depot, it is true, by a general license from the company, in the absence of any express prohibition. It would not be practical for a railroad company, in the immensity of its business, to designate particular individuals who should be permitted to enter its depot. But there was no express or implied invitation to the plaintiff to go to the depot and on the platform.
Had the plaintiff been on the platform for the purpose of receiving expected guests, or on any other business connected with the-railroad, to transact which the platform was built, she' would be entitled to recover damages for the injuries received from a defective platform, the result of the company's negligence. 34 An. 780; 37 An. 648; 39 An. 649-800; Wharton, Negligence, paragraphs 652, 653, 654.
From the evidence in the record we think the fact is clearly established that the plaintiff was on the platform for pleasure only, and not with the intention of transacting any business with the company, or for the purpose of receiving friends expected on the train.'
Her presence on the platform was at her own risk and peril.
Railroad platforms are not made for the use of the public; and if persons not invited and having no business with the company are injured in consequence of a defect in the platform, they have no redress. Wharton, Negligence, paragraph 822.
There was no inducement offered by the defendant to plaintiff which was equivalent to an invitation to go upon the platform. Mere permission, because it is impossible to refuse it, is not an inducement or an invitation to enter on the premises of another. The *1159 person entering on the premises of another under such circumstances goes at his own risk, and enjoys the license subject to its attendant perils. The law does not impose the duty upon the owner to keep his premises in a condition of such repair as to suit the convenience of those who go there solely for their own pleasure, and who are not invited or induced to go upon them.
The defendant company, under the facts in this case, could only be made liable if the uncovered platform through which the plaintiff fell was in its nature a trap. Wharton, Negligence, paragraph 821.
There must have been on the part of the company such gross and wanton negligence that it was equivalent to intentional mischief. Snyder vs. Railroad Co., 42 An. 302.
The station house offered ample accommodations for passengers and visitors on business. There was a waiting room for passengers, with all requisite appliances for egress and ingress. There was a graveled walk along the track, and between it and the depot, for passengers and visitors in Waiting. From thjs walk an inclined plane reached up to the platform.
There were platforms on the several sides of the building. The south side platform was used exclusively for freight. The flooring on this had been taken up for repairs. There was a lamp at the north side of the building which threw a light along the west platform intended for the use of passengers. This light did not reach the south platform, which was at the south end of the building, and at right angle to the west platform.
The plaintiff was sitting on the edge of the west platform. She jumped to the gravel walk, and went to the end of the platform at the south side, ascended the inclined plane, and fell through an opening in the south platform. The change of position by the plaintiff, it is alleged, was to get a better view of the inside of the coaches as the train approached. But it seems this was a needless change of position if the plaintiff really intended to see people coming from the train.' The gravel walk was specially designed for the purpose of going to or coming from the train. The part of the system of platforms through which plaintiff fell was dark; and this fact alone ought to have warned her of her danger. The absence of a light was at least a notice that no one was expected on that part of *1160 the platform. Being a freight platform, it was not to be expected that it would be used as a promenade.
In repairing this part of the platform around the depot, on the south, side, and leaving it unprotected, we are of the opinion that the opening was not in the nature of a trap, and the defendant company was not guilty of that degree of gross negligence that was equivalent to intentional mischief.
It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed; and it is now ordered that the suit be dismissed at plaintiff’s costs.
Rehearing refused.