JOHN ANDREW, ADMINISTRATOR,

v.

THE CHICAGO & NORTH-WESTERN RAILWAY COMPANY.

*Railroads—Negligence of—Personal Injuries—Charge of Negligence in Declaration—Sufficiency of—Demurrer Improperly Sustained.*

1. Where a declaration, in an action brought to recover damages for the death of a person alleged to have been caused by the negligence of defendant, clearly charged negligence on the part of the defendant, and care on the part of the deceased, these two allegations raised a question of fact to be submitted to a jury, unless other facts appeared in the declaration sufficient to bar a recovery, and a demurrer to such a declaration should not be sustained.

2. Negligence and care are ultimate facts, the sum and conclusion of a variety of attending circumstances, and should be so averred. It is not necessary to plead the evidence necessary to prove care or negligence.

[Opinion filed December 12, 1892.]

APPEAL from the Circuit Court of Boone County; the Hon. CHARLES KELLUM, Judge, presiding.

This is an action on the case. The declaration contains only one count, which reads as follows:

"John Andrew, plaintiff, administrator of the estate of Charles Kelly, deceased, who died intestate, complains of the Chicago & North-Western Railway Company, defendant, of a plea of trespass on the case; for that, whereas, the defendant, in the lifetime of said Charles Kelly, to wit, on the seventeenth day of February, 1891, in Belvidere, to wit, in the county of Boone and State of Illinois, was possessed of, and using and operating a certain railway, extending to the city of Belvidere, in the county of Boone aforesaid, and through certain depot grounds, and then and there possessed

by said defendant, and was also then and there possessed of a certain locomotive engine and train of cars attached thereto, which said locomotive engine and train were then and there under the care and management of divers, then servants of the defendant, who were then and there driving the said locomotive engine, and conducting said train of cars upon and along said railroad depot ground there on the side track.

"And the plaintiff avers, that on, to wit, the seventeenth day of February, 1891, his said intestate had traveled from Caledonia, Illinois, to Belvidere, Illinois, a long distance, to wit, fifteen miles, as a passenger on defendant's said railroad, and on defendant's said train of cars, and on the evening of the same day was about to return to his home near Caledonia, Illinois, as a passenger upon defendant's said train of cars on which the plaintiff's said intestate had traveled to Belvidere, as aforesaid, and to that end went to defendant's passenger depot grounds aforesaid, at Belvidere, Illinois, and entered defendant's passenger car on said train, and then standing on said side track there, and left therein certain parcels belonging to himself, and then stepped outside of said car, and onto defendant's depot platform there, in search of a certain person said intestate then and there expected to meet; and while the plaintiff's said intestate so stood and remained on said depot platform, a certain other passenger train of cars of the defendant came into said depot station from Chicago, Illinois, on the main track of said railroad, having attached thereto a certain passenger coach and car designed by the defendant to be attached to said train of cars in which said intestate had left his said parcels, as aforesaid, and to be drawn by said locomotive engine in said train from Belvidere, Illinois, to Caledonia, Illinois; and that to accomplish such design and purpose, it then and there became necessary for the defendant to move said first mentioned train on said side track, eastward a distance of about one thousand feet, and then to stop said train, and back said train through a certain switch and onto a certain diagonal railroad track of defendant lying and being be-

tween defendant's said side track and defendant's said main track, and through another railroad switch of defendant, which said diagonal track of defendant was then and there about ninety feet east of the east end of the defendant's depot platform at Belvidere, Illinois, and within the corporate limits of the city of Belvidere, Illinois, and on the defendant's said depot ground, and thence to back said train, bound for Caledonia, as aforesaid, westward on said main track, and to attach said passenger car, drawn from Chicago, as aforesaid. And the plaintiff further avers that the place where said diagonal track of the defendant then was located, was then and there-liable to be frequented by divers persons having occasion to go to said depot of the defendant. And the plaintiff further avers that prior to the first day of November, 1890, and the time when defendant commenced the practice of attaching said passenger car, drawn from Chicago, as aforesaid, to its said Caledonia train of cars, the plaintiff's said intestate had, for many years, frequently been a passenger on defendant's said Caledonia train from Belvidere to Caledonia, aforesaid, and during all that time the invariable practice and habit of the defendant had been to cause said Caledonia bound train to be moved directly out from said side track, where the same stood when the plaintiff's said intestate deposited his said parcels therein, as aforesaid, and to proceed directly to Caledonia, as aforesaid, without stopping, backing or switching said train of cars. And the plaintiff further avers that when his said intestate proceeded to take passage in defendant's said train of cars for Caledonia, on the occasion aforesaid, as aforesaid, he had no notice whatever of any change in the manner and practice of defendant in the departure of said train of cars from Belvidere for Caledonia, aforesaid, nor of any practice of defendant of attaching any car brought from Chicago, as aforesaid, onto said Caledonia train of cars of defendant. And the plaintiff further avers that when defendant's said train of cars from Chicago reached Belvidere station the evening of February 17, 1891, the usual time for departure of defendant's said train of cars for Caledonia afore-

said, had then arrived, and said train of cars bound for Cale-
donia, as aforesaid, was, by the defendant's servants in charge
thereof, immediately moved eastward about 1,000 feet upon
defendant's said side track, and stopped and backed to a certain
railroad switch, and onto said defendant's diagonal railroad
track, and that then and there it was night-time and foggy
weather. And the plaintiff further avers that then and
there, and while said train of defendant was being so moved
eastward, backed and switched, as aforesaid, it was so dark
that moving objects were not discernible to persons then
upon defendant's depot grounds, any considerable distance
from such persons. And the plaintiff further avers that
by reason of the premises and in consequence thereof, it
became and was the duty of the defendant, then and there
to give and cause to be given reasonable warning to persons
about to take passage on its said train of cars for Caledonia,
aforesaid, that said train of cars would be moved eastward,
stopped, backed and switched, as aforesaid, and then and
there to place and cause to be placed on the rear end of
said train of cars while the same was so being moved,
stopped, switched and backed, as aforesaid, some person,
to warn persons then and there seeking to take passage on
said train of cars, of the danger of attempting to board
and get upon said train of cars while the same was being
so moved, stopped, backed and switched; and then and
there to place, and cause to be placed at the rear end of
said train of cars, while the same was being so moved,
stopped, backed and switched, some person to inform per-
sons then and there seeking to take passage on the defend-
ant's said train of cars, bound for Caledonia, of the manner
in which said train of cars would then and there depart
from Belvidere, Illinois, for Caledonia, Illinois; and then
and there to place, and cause to be placed, at the rear end
of said train of cars while the same was being so moved,
stopped, backed and switched, a light and signal, to warn
persons then and there lawfully upon said depot grounds of
defendant, of such movement and intended movement of
said train of cars; and then and there generally to adopt

and put in use, and to cause to be adopted and put in use, reasonable precautions while said train of cars was so being moved, stopped, backed and switched, as aforesaid, to prevent persons then and there lawfully upon said defendant's depot grounds, for the purpose of taking passage upon said defendant's said train of cars, and who then and there, with all due care and diligence on their part, were attempting to take passage on said train of cars of defendant from Belvidere, Illinois, to Caledonia, Illinois, from being injured by defendant's said train of cars, while the same was being so moved, stopped, backed and switched.

" Nevertheless, the said defendant, not mindful of its said duty in those regards, or either of them, carelessly and negligently failed and neglected to give, or cause to be given, any warning to persons then and there about to take passage on its said train of cars for Caledonia aforesaid, that said train of cars would be moved eastward, stopped, backed and switched, as aforesaid, and then and there carelessly and negligently moved, stopped, backed and switched said train of cars, as aforesaid, in the night-time and in foggy weather, without placing or causing to be placed at the rear end of said train of cars, while the same train of cars was being so moved, stopped, backed and switched, as aforesaid, any person, to warn persons who then and there, with all due care and diligence on their part, were seeking to take passage on defendant's train of cars for Caledonia, aforesaid, of the danger of attempting to board said train of cars while the same was being so moved, stopped, backed and switched, and then and there carelessly and negligently failed to place, and cause to be placed at the rear end of said train of cars, while the same was being so moved, stopped, backed and switched, some person, to inform persons who then and there were lawfully upon said defendant's said depot grounds, and who then and there, with all due care and diligence on their part, were seeking passage on defendant's said train of cars to Caledonia aforesaid, of the manner in which said train of cars would then and there depart for Caledonia aforesaid; and then and there carelessly and negligently failed to place

at the rear end of said train of cars, while the same was being so moved, stopped, switched and backed as aforesaid, in the night-time and in foggy weather, any light and signal, reasonably suitable and sufficient then and there to warn persons who then and there were lawfully on defendant's said depot grounds, and who then and there, with all due care and diligence on their part, were seeking to take passage on said train of cars for Caledonia aforesaid, of such movements and intended movements of said train of cars; and then and there carelessly and negligently failed to adopt and use, and to cause to be adopted and used, by its then servants, any precautions whatever to prevent persons then and there lawfully upon said depot grounds of defendant, and who then and there, with all due care and diligence on their part, were seeking passage on the defendant's said train of cars to Caledonia, aforesaid, from being run over and injured by said train of cars, while the same was being so moved, stopped, backed and switched, in the night-time, by means whereof the plaintiff's said intestate, who then and there was lawfully upon said defendant's depot grounds, and who then and there, with all due care and diligence on his part, was seeking to take passage on defendant's said train of cars, so being moved eastward, stopped, backed and switched as aforesaid, to Caledonia aforesaid, and who then and there, with all due care and diligence on his part, was pursuing defendant's said train of cars, while the same was so being moved eastward, stopped, backed and switched as aforesaid, for the purpose of taking passage thereon to Caledonia, aforesaid, and without any notice and warning, then and there, that said train of cars would be so moved, stopped, backed and switched, before departing for Caledonia, aforesaid, and who was then and there upon defendant's depot grounds, lying and being between defendant's said side track and defendant's said main track, and who, then and there, was about to step onto defendant's said diagonal railroad track, and while said train of cars was being backed as aforesaid, when said train of cars, or some portion thereof then and there was, by the defendant's servants in charge thereof, carelessly and

improperly run against the plaintiff's said intestate, with great force and violence, and thereby the plaintiff's said intestate then and there was knocked down and caused to fall under said train of cars, or some portion thereof, and then and there said train of cars, or some portion thereof, was run over and upon the plaintiff's said intestate, and thereby the plaintiff's said intestate then and there was killed."

A general demurrer was filed and sustained to this declaration, and electing to stand by his declaration, judgment was rendered for the defendant, and that the plaintiff should pay the costs of the suit in due course of administration.

From this judgment the plaintiff has appealed to this court.

Mr. N. C. Warner, for appellant.

Messrs. C. E. Fuller and William Barge, for appellee.

Mr. Justice Lacey.    It will be perceived by a reading of the declaration, that this was a suit by the appellant against appellee to recover damages for the unlawful killing of the deceased, Chas. Kelly.    The declaration charges negligence in backing a train on a dark night, upon one of the railroad tracks of appellee, at a certain depot in Belvidere, where appellant's decedent was at the time pursuing it to take passage, and running over and killing him, while he at the time was in the exercise of care and caution.

The declaration is somewhat prolix, setting forth the surroundings of the accident with unnecessary particularity. It, however, clearly charges negligence on appellee and care on the part of the deceased.    Those two allegations are questions of fact and not of law, and issuable, and are admitted by the demurrer as well as all the other issuable facts.    If it be the case that the appellee was negligent in backing the train in the manner in which it did, and the deceased was in the exercise of care at the time, the appellant ought to recover, unless there are facts and circumstances averred in the declaration which bar recovery, notwithstanding appellee's negligence and deceased's exercise of care at the time the accident occurred.    We find, however,

no such facts stated in the declaration. Negligence and care are what, in law, are termed ultimate facts. They are the sum and conclusion of a variety of attending circumstances characterizing the main acts bearing on or tending to prove such ultimate facts. The rule of pleading is to charge them in this way and to depend on the evidence to establish the allegations. It is not necessary to plead the evidence necessary to prove negligence or the want of it. When an act is charged to have been done negligently or with care that raises an issue thereon, it then becomes a question for the jury. The court upon passing on the demurrer has no more right to take the case from the jury than if 'it were being tried by the jury on issue joined. In fact, not so much; as, by the demurrer, these essential facts are admitted. If issue were joined on this declaration there may be many facts and circumstances in evidence tending to support the declaration on those issues not averred in the declaration, and of which the court, on passing on the demurrer, could not be informed. The court had no power on a hearing of the demurrer to deprive appellant of the right of trial by jury.

For the error in sustaining the demurrer and rendering judgment against appellant for costs, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*