## Jabez W. Ward v. Chicago & N. W. Ry. Co.

1. NEGLIGENCE—*A Question of Law.*—Where there can be no disagreement among reasonable minds as to the character of an act the question of negligence is one of law, and in such case a court may say, as matter of law, that an act is or is not negligent.

2. SAME—*Duties of Carrier and Passenger.*—The duties and liabilities imposed by the relation of carrier and passenger, are questions of

.law, but whether there has been a negligent discharge of a duty imposed by this relation, is a question of fact or law upon the same conditions as other questions of negligence.

3.   SAME—*Pleadings—Allegations of Duty.*—Averments that certain things were duties of the defendant, are of no avail where facts from which the law will create a duty are not stated.   The allegation of a duty is a mere conclusion of law, not traversable, and will not sustain a pleading.

4.   PLEADING—*In Action for Personal Injuries.*—A declaration in a case for personal injuries, must show wherein the defendant has been guilty of a breach of duty, and failing to do so is bad on demurrer.

**Trespass on the Case,** for personal injuries.   Appeal from the Circuit Court of De Kalb County; the Hon. CHARLES KELLUM, Judge, presiding. Heard in this court at the May term, 1895.   Affirmed.   Opinion filed December 10, 1895.

CHARLES A. BISHOP, THOMAS M. CLIFFE and PEASE & MC-EWEN, attorneys for appellant, contended that negligence is a question of fact for the jury, and whether it arises upon the evidence in the case or upon the pleading, it must be treated as a question of fact, unless the court can, on the one hand, say that the policy of the law is so fixed and declared that a certain set of facts constitute negligence, if proven, as a conclusion of law, as where a statute is violated, or on the other hand, that the state of facts charged to be negligence is so clearly not negligence that the court can say that all reasonable men would be of the same mind in declaring it not negligence, in which case the court may say, as a conclusion of law, that the facts charged or proven do not constitute negligence.   Galena R. R. v. Yarwood, 15 Ill. 468; C. & A. R. R. v. Randolph, 53 Ill. 514; C., M. & S. P. Ry. v. Halsey, 31 Ill. App. 601; C. & A. R. R. v. Bonfield, 104 Ill. 223; Delmatyr v. M. & P. du C. R., 24 Wis. 585; C., C., C. & St. L. v. Baddeley, 150 Ill. 328; C. C. Co. v. Bruce, 150 Ill. 449; E. St. L. R. R. v. O'Hara, 150 Ill. 580; N. C. St. R. R. v. Eldridge, 38 N. E. Rep. 246; 15 Ill. 542; Cressey v. P. R. R., 75 Pa. St. 83; Davis v. C. R. R. Co., 18 Wis. 175; Filer v. N. Y. C. R. R., 49 N. Y. 47; Mc-Nulta v. Ensch, 134 Ill. 53; C. & E. I. R. R. v. O'Connor, 119 Ill. 586; T. H. & I. R. R. v. Voelkner, 129 Ill. 540; C.

& N. W. R. R. v. Moranda, 108 Ill. 576; C. & A. R. R. v. Pennell, 94 Ill. 449; Schmidt v. C. & N. W. R. R. 83 Ill, 405; L. Wolf Mfg. Co. v. Wilson, 152 Ill. 9.

A state of facts upon which reasonable men might disagree, as to whether or not it constituted negligence, can not be said by the court to be, or not to be negligence, but must be left to the jury upon the proofs as a question of fact for their determination.   L. S. & M. S. R. R. Co. v. Parker, 131 Ill. 557; T. H. & I. R. R. Co. v. Voelker, 129 Ill. 540; C. & E. I. R. R. Co. v. O'Conner, 119 Ill. 586; L. S. & M. S. R. R. Co. v. Johnson, 135 Ill. 641; M. & O. R. R. Co. v. Davis, 130 Ill. 146; C. & I. R. R. Co. v. Lane, 130 Ill. 116; L. S. & M. S. R. R. Co. v. Ouska, Admx., 151 Ill. 232; Hoehn v. C., P. & St. L. R. Co., 152 Ill. 224; I. C. R. R. v. Larson, 152 Ill. 327; Wabash R. Co. v. Brown, 152 Ill. 484; Andrew v. C. & N. W. Ry. Co., 45 Ill. App. 269.

A general charge of negligence is sufficient.   N. Ry. Co. v. Harmon, 8 S. E. R. 252; Chatt. Ry. v. Huggins, 15 S. E. R. 848; L. S. & M. S. Ry. v. Phelps, 66 Ill. 551; C., B. & Q. Ry. Co. v. Carter, 20 Ill. App. 390; N. C. St. R. R. Co. v. Cotton, 41 Ill. App. 314.

WM. BARGE, attorney for appellee, contended that a demurrer properly lies to a declaration complaining of an injury received from the careless or negligent conduct of the defendant, without showing in what way the careless or negligent conduct of the defendant contributed to, or produced, the injury complained of.   Strain v. Strain, 14 Ill. 368.

A declaration in an action on the case for injury sustained by the plaintiff, through the negligence of the defendant, which does not show that the negligence averred contributed in some degree to the injury complained of, is bad on demurrer.   McGanahan v. E. St. Louis & C. R. R. Co., 72 Ill. 557; Lawler v. Androscoggin R. R. Co., 62 Me. 463, 467.

Where a defendant had not announced the station, but only the near arrival of the train to it, before it stopped, it was no part of defendant's duty to warn plaintiff that the train was not at the station, but only to notify him

when it was at the station. Until such notice was given, it was his duty to remain in his seat in the car. "Negligence is a breach of a duty which one owes to another." C., R. I. & P. R. R. Co. v. Eininger, 114 Ill. 84.

It is not sufficient, in a declaration, to say generally, that it was the duty of defendant to cover or otherwise protect a dangerous place. The pleader must state facts from which the law will raise the duty. Ayres v. City of Chicago, 111 Ill. 406.

The allegation of a duty will not sustain or aid a pleading. It is an allegation of a mere matter of law, and is not traversable; the sufficiency of the pleading must be determined upon the facts from which the legal duty is deduced. Marvin Safe Co. v. Ward, 46 N. J. Law (17 Vroom) 17, 23.

MR. PRESIDING JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

Appellant sued appellee and filed his declaration of the cause of action, consisting of eleven counts, in each of which he alleged that he was a passenger on a train of appellee to be carried from Chicago to its station at DeKalb, Illinois, and that he was injured by falling from the platform of the train when near the station of DeKalb, but before the station was reached or a stop made for the purpose of allowing passengers to alight. The declaration was demurred to generally and specially, and the demurrer was sustained. Appellant elected to stand by the declaration, and judgment was rendered against him for costs.

The declaration is so lengthy that it would be neither proper nor desirable to occupy space with a copy of it; and its statements are so numerous, and so arranged, that it would be very difficult to give them an orderly arrangement, and notice them all in an opinion. On this account we shall have to content ourselves with general statements and conclusions regarding it. In the various counts there were charges of negligence on the part of defendant in the following particulars: Stopping and starting the train at the place where plaintiff fell

off before reaching the station; not keeping the vestibule doors on the platform shut and fastened; failing to light the vestibule; failing to maintain lights along the track so as to light the platform and steps of the car; changing the station and the custom of landing passengers from one side of the track to the other, without notice to plaintiff; failing to notify plaintiff that the train was not at the station; placing heaps of gravel along the track so that when plaintiff fell off, he fell on the gravel; failing to properly call the stations between Chicago and DeKalb; in simply announcing when leaving the last station that the next station would be De-Kalb, failing to ballast the track, and inducing plaintiff to go to the platform where he fell off.

Each of these things having been charged in some part of the declaration to have been negligently done or omitted, it is contended that the court could not, on demurrer, pass on their sufficiency, but must submit them to the judgment of a jury as to their character. It may be true that where reasonable minds might perhaps disagree as to the character of an act, it must be so submitted; but where there could be no such disagreement, the question of negligence is one of law, and the court may say as matter of law that an act is or is not negligent. Hoehn v. C. P. & St. L. Ry. Co., 152 Ill. 123; I. C. R. R. Co. v. Larson, Id. 326; Wabash Ry. Co. v. Brown, Id. 484. The decision in Andrew, Adm'r, v. C. & N. W. Ry. Co., 45 Ill. App. 269, does not support the contention that every charge of negligence must be submitted to a jury. In that case the declaration averred that the deceased went into the car and deposited his parcels and stepped out on the platform; that the train was moved away and backed and switched; that it was night time and foggy; and that while he was on the depot grounds in the exercise of due care on his part, attempting to take passage, the train was negligently backed without any light or signal on the end of the train or any person to warn persons lawfully on the depot grounds of the movements of the train. The grounds of the decision were that actionable negligence was charged, and that it was not necessary to plead the evidence.

The duties and liabilities imposed by the relation of carrier and passenger are questions of law, but whether there has been a negligent discharge of a duty so imposed is a question of fact or law upon the same conditions as any other question of negligence.   Some of the acts charged as negligent, we think, could not be brought within any of the duties created by the relation, and we apprehend that reasonable minds would not disagree in the conclusion that they were not negligent as applied to the circumstances alleged to exist, and therefore the court might so pronounce them as matter of law.   Of this class are charges of negligence in not lighting the railroad grounds where there was no station, merely to illuminate a passing train with its platform, changing the depot and business from one side to the other without notifying plaintiff, or allowing gravel piles along the road where there was no station nor the slightest reason to suppose that passengers would fall off or try to get off.

Averments that these things were duties of defendant are of no avail where facts are not stated from which the law will create the duty.   The allegation of a duty is a mere conclusion of law, that is not traversable, and will not sustain a pleading.   Ayres v. City of Chicago, 111 Ill. 406; McCune v. Norwich City Gas Co., 30 Con. 421.

Other things alleged as duties come distinctly within the range of obligations created by the fact averred that plaintiff was a passenger on defendant's train.   Duties to announce the station, and to stop the train at the destination of a passenger, and to give him an opportunity of safely alighting, arise from that fact.   But a declaration must show a breach of the duty.   The practice of giving notice of the next station as alleged was in the direction of the discharge of duty, and not of a breach of it, and if plaintiff required another notice when the train reached DeKalb, there was no failure in that regard, since he fell off before it reached the station.   The duty to stop at the station and give plaintiff an opportunity of safely alighting is properly charged, but the breach alleged is in stopping and starting

before the train got there, and not telling him that it was not there. These were not breaches of the duties alleged.

Again, it was necessary to show wherein the defendant had been guilty of a breach of duty, and a declaration against a common carrier which fails to do that is substantially defective. Connecting Ry. Co. v. W., St. L. & P. Ry. Co., 123 Ill. 594. See also C. B. & Q. R. R. Co. v. Harwood, 90 Ill. 425. And a declaration is bad on demurrer which does not show that the negligence averred contributed in some degree to the injury complained of. McGanahan v. E. St. L. & C. Ry. Co., 72 Ill. 557.

Each count of the declaration offended against one or more of the foregoing well settled rules of pleading, and we are satisfied with the conclusion of the court that they were insufficient. It is not asking too much that a plaintiff in seeking redress for an alleged injury should state the basis of his action in plain and intelligible form agreeably to the established rules of pleading. By those rules, the plaintiff was bound to show the duty, the breach, and in what it consisted, and that his injury resulted as a consequence. We think that he has not done so, and the judgment will be affirmed.