## Chicago & E. I. R. R. Co. v. Isabella I. Wallace.

1. Instructions—*Authorizing Jury to Find Verdict upon Ground of Negligence Not Alleged in Declaration.*—An instruction which authorizes the jury to find a verdict for the plaintiff upon a ground of negligence not alleged in the declaration constitutes manifest and reversible error.

2. Recovery—*Must be Had upon Grounds Alleged in Declaration.*—A recovery can not be had upon grounds other and distinct from those alleged.

3. Pleading—*General Allegations in Declaration Will Not Sustain.*—A general allegation of duty and disregard thereof, without a statement of facts constituting the negligence or breach of duty, is the allegation of nothing more than a conclusion of law, which is not traversable, and will not·sustain a pleading.

4. Same—*Declaration Must State Facts.*—The declaration must state facts from which the law will raise the duty, and must also show wherein there has been a breach of it.

5. Same—*Duty of Plaintiff in Seeking Redress.*—A plaintiff in seeking redress for an alleged injury should state the basis of his action in plain and intelligible form, agreeably to the established rules of pleading. By those rules the plaintiff is bound to show the duty, the breach, and in what it consists, and that his injury resulted as a consequence. It is only by observing such rules that the defendant can be apprised of what it is he is required to meet.

**Action in Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. Richard S. Tuthill, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1898. ·Reversed and remanded. Opinion filed November 21, 1899. Rehearing denied.

Will H. Lyford, J. B. Mann and Albert M. Cross, attorneys for appellant.

Samson & Wilcox, attorneys for appellee.

Mr. Justice Shepard delivered the opinion of the court.
This is an appeal from a judgment against appellant, recovered in an action on the case brought by appellee to recover for injuries to her person while she was a passenger upon appellant's line of road.
It is alleged in the single count of the declaration that

plaintiff (appellee) on a certain day became a passenger in a certain train on appellant's railroad, to be carried, and accordingly was carried, from Chicago Heights to Englewood station in Chicago, for reward paid to the defendant; "and it became and was the duty of said defendant upon arrival of said train at said Englewood, the destination of plaintiff, to give plaintiff an opportunity of safely alighting therefrom, and then and there to stop said train a reasonable time, to enable plaintiff to so alight therefrom safely as aforesaid, and not to start said train while plaintiff was engaged in the act of alighting therefrom; yet defendant did not regard its said duty or use due care in that behalf, but, on the contrary, upon the arrival of said train at said Englewood station, and while plaintiff, with all due care and diligence, was in the act of alighting therefrom, the defendant carelessly and negligently caused the said train to be suddenly and violently started and moved, and thereby " plaintiff was thrown violently to the ground or platform of the depot at said station, and received the injuries complained of.

It will be observed that the only negligence charged, consists in causing "the train to be suddenly and violently started and moved."

The fifth instruction asked by appellee, and given, is as follows (the italics being ours):

" 5.   If you find from the evidence that on or about the 4th day of September, A. D. 1894, the defendant was engaged in the business of a common carrier, carrying passengers for hire, and that for a reward it undertook to carry and did carry, the plaintiff from its station at Chicago Heights to its station at Englewood, and you further find from the evidence that when the defendant's train, on which the plaintiff was being carried, reached its said station at Englewood, the defendant was *guilty of negligence by failing to stop its said train a reasonable time to enable the plaintiff to safely alight therefrom;* or was guilty of negligence in starting said train while the plaintiff was in the act of alighting therefrom, and as the direct consequence of such negligence the plaintiff, while exercising ordinary care for her own safety, was by reason of the starting or moving of said

train thrown violently to the ground and received the injuries charged in her declaration, or any of them, then you should find the defendant guilty and assess the plaintiff's damages at such a sum as will reasonably compensate her for the pain and disability, if any, which you find, from the evidence, she has incurred in the past, or will incur in the future, on account of said injuries."

The portion of the instruction which we have italicized, authorizes the jury to find a verdict for the plaintiff upon a ground of negligence not alleged in the declaration, and constitutes manifest and reversible error.

A recovery can not be had upon grounds other and distinct from those alleged. Wabash, St. L. & P. Ry. Co. v. Coble, 113 Ill. 115; Chicago, B. & Q. R. R. Co. v. Bell, 112 Ill. 360.

Counsel for appellee argue that "a specific statement of a duty followed by the charge that it was neglected, is exactly equivalent to a charge that a duty was neglected," and, as we understand them, apply their proposition to the case in hand, by insisting that because it is charged in the declaration that it was the duty of the defendant upon the arrival of the train at the destination of the plaintiff to stop the train a reasonable time to enable the plaintiff to alight therefrom safely, and that the defendant did not regard its duty or use due care in that behalf, a complete charge of negligence in such respect was made.

It is well understood that a general allegation of duty and disregard thereof, without a statement of facts constituting the negligence or breach of duty, is the allegation of nothing more than a conclusion of law, which is not traversable, and will not sustain a pleading. Ward v. C. & N. W. Ry. Co., 61 Ill. App. 530.

The declaration must state facts from which the law will raise the duty. Ayers v. Chicago, 111 Ill. 406.

There must not only exist, in this class of cases, a duty by the defendant, but the declaration must show wherein there has been a breach of it. The duty alone may arise as a matter of law out of the facts pleaded, but the facts constituting the breach must be stated. So, in Went-

worth's Pl., Vol. 8 (Ed. of 1798), p. 406; 2 Humphrey's Precedents, 801 (Ed. of 1845), and Chitty's Pl., p. 648 (7th Am. Ed.), cited and relied upon by appellant, following the general charge of a breach of duty, the breach constituting the specific negligence complained of, is, in Wentworth, the deviation of the vessel from its direct and customary route; in Humphrey, the overturning of the coach, and, in Chitty, the upsetting and throwing down of the coach.

"It is not asking too much that a plaintiff in seeking redress for an alleged injury, should state the basis of his action in plain and intelligible form, agreeably to the established rules of pleading. By those rules the plaintiff is bound to show the duty, the breach, and in what it consists, and that his injury resulted as a consequence." Ward v. C. & N. W. Ry. Co., *supra.*

It is only by observing such rules the defendant can be apprised of what it is he is required to meet.

In the case at bar, the duty to stop the train a reasonable time to enable the plaintiff to alight is alleged, and so is the duty not to start the train while the plaintiff was in the act of alighting.

Probably every duty so specifically alleged by the declaration, arose and would be implied as matter of law from the averment that plaintiff was a passenger being carried from one station to another, for hire or reward paid, and that the specific allegations of duty were superfluous. West Chicago Street R. R. Co. v. Coit, 50 Ill. App. 640.

But whether arising from the law, or from the specific allegation, the only duty which the facts pleaded shows a breach of, or negligence concerning, is in respect of suddenly and violently starting the train while plaintiff was in the act of alighting, and the instruction authorizing a recovery for a different breach was erroneous.

For the error indicated the judgment is reversed and the cause remanded.