## Chicago & Western Indiana Railroad Company v. Ada F. Gardanier.

### Gen. No. 11,551.

1. PERSONAL INJURIES—*what essential to successful maintenance of action for.* In order successfully to maintain an action for personal injuries it must be shown that the defendant owed some duty to the plaintiff which it neglected to discharge, and such duty must appear not merely by allegation thereof but from an averment of facts from which the duty follows as a matter of law.

2. RAILROAD COMPANY—*when liability of, for injury, does not appear from declaration.* A declaration alleging the leasing by a railroad company to an express company of one of its buildings and an injury to the plaintiff by reason of the dropping of a bucket from such building upon her head, without showing the situation of the building or re-

lation of the company with respect thereto, other than the leasing, or whether the plaintiff was passing upon a public street at the time of her injuries, or under what circumstances she was at the place where she received her injury, does not state a cause of action.

3. DECLARATION—*when, not cured by verdict.* A declaration which does not state a cause of action is not cured by verdict.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the October term, 1903. Reversed and remanded. Opinion filed October 31, 1904.

EDGAR A. BANCROFT, for appellant.

LEE & HAY, for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

Appellee sued appellant in case for damages claimed to have been the result of personal injury caused by appellant's negligence, and recovered judgment for the sum of $750. The declaration consists of a single count, which, in so far as it is necessary to consider it, is as follows:

" For that, whereas, heretofore, to wit, on the 12th day of November, A. D. 1901, the said defendant was the owner of certain railroad station buildings, platforms and tracks in the city of Chicago, in said Cook county, and was leasing the right to use one of said buildings to the Wells Fargo Company, a company doing an express business in said city, and said Wells Fargo and Company was using said leased building for the transaction of its express business, and it thereupon became the duty of the said defendant, the Chicago and Western Indiana Railroad Company, to exercise reasonable care and caution in the use of its said buildings, platforms and tracks so as not to endanger the lives and persons of people going to and from the leased building so occupied as aforesaid by the said Wells Fargo and Company. But notwithstanding its said duty, the said defendant by its servants or employes, at, to wit, the time and place aforesaid, while the said Ada F. Gardanier, the plaintiff, was with all due care and caution, walking along and by the side of one of its said buildings on her way to the said leased building occupied as aforesaid by said Wells Fargo and Company, so carelessly and negligently let down and dropped from one of its said buildings a certain bucket or tub, that thereby and because

of said negligence the said bucket or tub fell upon and struck the plaintiff with great force and violence, and thereby the said plaintiff was knocked and struck and was thrown down with great force and violence, and by means thereof she was then and there greatly bruised, hurt and wounded," etc.

Appellant pleaded the general issue to the declaration, and made motions for a new trial and in arrest of judgment, which were overruled. Appellant's counsel now contend, among other things, that no cause of action is stated in the declaration. In order to make appellant liable, it must have owed some duty to appellee which it neglected to discharge. In Sweeny v. Old Colony & N. R. R. Co., 10 Allen 368, 372, the court say : "In order to maintain an action for an injury to person or property by reason of negligence or want of due care, there must be shown to exist some obligation or duty towards the plaintiff, which the defendant has left undischarged or unfulfilled. This is the basis on which the cause of action rests." The declaration must show a duty and the breach of it. Ward v. C. & N. W. Ry. Co., 61 Ill. App. 530, 535; Schueler v. Mueller, 193 Ill. 402. Duty on the part of the defendant is an essential element of negligence, and where there is no duty, there can be no negligence. 1 Shearman and Redf. on Negligence, 4th ed., secs. 5, 8 and 15. And it is not enough to aver merely that it was the defendant's duty to do so and so, but facts must be averred from which the legal conclusion of duty on the part of the defendant can be inferred. In Ward v. C. & N. W. Ry. Co., *supra*, the law is thus clearly stated : " Averments that these things were duties of the defendant are of no avail, when facts are not stated from which the law will create the duty. The allegation of a duty is a mere conclusion of law that is not traversable, and will not sustain a pleading." In Ayers v. City of Chicago, 111 Ill. 406, 412, the court say : " The pleader must state facts from which the law will raise the duty."

In Mackey v. N. Milling Co., 210 Ill. 115, 117, the court say : " It is a well-established rule that a declaration in

cases of this character must state facts, from which the law raises a duty from the master to the servant, and if the declaration fails in this regard, then it is insufficient to support a judgment."

These and other decisions to the same effect, which might be cited, conform to the definition of pleading, viz.: "Pleading is the statement in a logical and legal form of the *facts* which constitute the plaintiff's cause of action or the defendant's ground of defense." 1 Chitty on Pl., 5th Am. ed., p. 195. In the declaration in this case are any facts averred showing a legal duty of appellant to appellee? The duty of appellant " to exercise reasonable care and caution in the use of its said buildings, platforms and tracks so as not to endanger the lives and persons of people going to and from the leased building so occupied by the said Wells Fargo and Company," is sought to be inferred from the sole fact that the appellant leased one of its buildings to the Wells Fargo Company. It is not averred in the declaration where the leased building is situated, whether adjoining a building of appellant, or a mile or more distant from any of appellant's buildings. Certainly no duty of appellant toward appellee exists by law, owing to the mere fact that appellant leased a building to the express company. It is averred that appellee "was walking along by the side of one of its (appellant's) said buildings, on her way to the said leased building," when a bucket or tub was dropped from one of appellant's buildings on her. But it is not averred that she was walking in the public street, or anywhere she had a right to be, or that she was permitted, invited or induced by appellant, or any of its servants or employees, to be where she was when she claims to have been injured. She neither avers facts showing that she had legal right to be where she was, nor avers generally that she was lawfully there. It is not even averred that she had any business at the express office. For aught that appears to the contrary in the declaration, she may have been walking on the private ground, or right of way, of appellant, without license, invitation or inducement, and merely for

her own convenience, or may have been forbidden by appellant to walk where it is averred she was walking. The owner or occupant of land or a building is not bound to insure the safety of persons who come on his premises, and especially is this true when such person is there merely for his own convenience, and having no business with such owner or occupant. Murray v. McLean, 57 Ill. 378; Ill. Cen. R. R. Co. v. Godfrey, 71 Ill. 500; Ill. Cen. R. R. Co. v. Eicher, 202 Ill. 556. In the Godfrey case the court say : " A mere naked license or permission to pass over an estate will not create a duty or impose an obligation on the part of the owner to provide against accidents." In the present case there is no averment of license or permission. In the Eicher case (202 Ill. 560) the court say : " A railroad company owes no duty to a person walking along its tracks without its invitation, either expressed or implied, except to refrain from wantonly or wilfully injuring him, and to use reasonable care to avoid injury to him, after he is discovered to be in peril." See, also : Am. Advertising & B. P. Co. v. Flannigan, 100 Ill. App. 452, and Bentley et al. v. Loverock, 102 Ill. App. 166, and authorities cited. The law is the same in other jurisdictions. Metcalfe v. Cunard S. S. Co., 147 Mass. 66; Redigan v. B. & M. R. Co., 155 Mass. 44; Plummer v. Dill, 156 Mass. 426; Severy v. Nickerson, 120 Mass. 306; Sutton v. N. Y. Cen. R. R. Co. et al., 66 N. Y. 243; Larmore v. Crown P'l Iron Co., 101 N. Y. 391; Burbank v. Railroad Co., 42 La. 1156; Vanderbeck v. Hendry, 34 N. J. L. 467; Gillis v. Penn. R. R. Co., 59 Penn. St. 129, 141, *et seq.;* B. & O. R. R. Co. v. Schwindling, 101 Penn St. 258; Pierce v. Whitcomb, 48 Vt. 127.

The declaration in this case, in not averring facts creating a duty on the part of appellant to appellee, fails to state a case warranting a recovery. As said in Mackey v. Northern Milling Co., *supra*, such a declaration will not sustain a judgment. A plaintiff is limited to proof of the averments in his declaration, and we think it plain that strict proof of every averment in appellee's declaration would not warrant

a recovery. But counsel for appellee contend that the defect, if any, of the declaration, is cured by verdict, and, in support of this contention, quote the following from section 6 of the Statute of Amendments and Jeofails: "Judgment shall not be arrested or stayed after verdict, nor shall any judgment upon verdict or finding of the court, or upon confession *nil dicit* or *non sum informatus*, or upon any writ of inquiry of damages, be reversed, impaired, or in any way affected, by reason of any of the following imperfections, omissions, defects, matters or things in the process, pleadings, proceedings or records, namely: * * * Fifth. For any mispleading, insufficient pleading, lack of color, miscontinuance, discontinuance or misjoining of the issue, or want of a joinder of the issue."

But the very next section provides as follows: "Section 7. The omissions, imperfections, defects and variances in the preceding section enumerated, and all others of a like nature, not being against the right and justice of the matter of the suit, and not altering the issue between the parties of the trial, shall be supplied and amended by the court where the judgment shall be given, or by the court into which such judgment shall be removed by appeal or writ of error." Hurd's Rev. Stat. 1899, p. 143.

And in C. & A. R. R. Co. v. Clausen, 173 Ill. 100, 103, the court say: "It is also true that the Statute of Amendments and Jeofails does not extend to cure defects which are clearly matters of substance. It provides that judgment shall not be reversed for want of any allegation or averment on account of which omission a special demurrer could have been maintained, but it does not protect a judgment by default against objections for matters of substance. Many such objections, however, have always been cured, at the common-law, by a verdict. * * * Under this rule, a verdict will aid a defective statement of a cause of action, but will never assist a statement of a defective cause of action. Where the declaration and the issue joined upon it do not fairly impose the duty on the plaintiff to prove the omitted fact, the omission will not be cured, (Joliet Steel Co. v.

Shields, 134 Ill. 209,) and if, with all the intendments in its favor, the declaration is so defective that it will not sustain a judgment, such defects may be taken advantage of on error." See, also, Schueler v. Mueller, 193 Ill. 402, to the same effect.

A declaration which states no cause of action is a legal nullity, and is insusceptible of amendment. We have shown, not only that the averment of facts showing a duty resting on the defendant toward the plaintiff is a matter of substance, but that it is absolutely essential to a recovery in such case as the present. No cause of action is stated in the declaration, and therefore the court erred in overruling appellant's motion in arrest of judgment.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*